WILLIAM R. MARSHALL, Administrator,

*vs.*

STATE OF MAINE.

Waldo.    Opinion January 12, 1909.

*State Assessors.    Terms of Office.    When the Terms End, Determined.    Constitution of Maine, Article V, part 3, section 1; Article IX, section 2. Statute, 1891, chapter 103, sections 1, 2, 4.*

1.   The statute creating the office of State assessor, chapter 103, of the Public Laws of 1891, provided that at the first election one assessor should be elected for two years, one for four years, and one for six years, and that assessors thereafter elected should hold office for the term of six years each. The first State assessors were elected by the legislature April 1, 1891.

*Held:*   (1)   That the terms of office of the assessors elected at the first election expired April 1, 1893, April 1, 1895, and April 1, 1897, respectively, and that assessors elected after the first election, except when chosen to fill out unexpired terms, hold office for the full term of six calendar years, beginning April 1, of the year when elected.

(2)   That the term of office of William C. Marshall, elected in 1897 to fill out an unexpired term which began April 1, 1895, ended April 1, 1901, and that he was entitled to receive his salary until that date.

2.   When the State, by resolve, permits itself to be sued on a claim, interest will not be allowed on the amount found to be due, unless the resolve permitting the suit so provides.

On report.    Judgment for plaintiff.

Action of assumpsit brought by the plaintiff in his capacity as administrator of the estate of William C. Marshall, late of Belfast, against the State of Maine to recover a balance of salary alleged to have been due the said late William C. Marshall, as State Assessor, for the period from February 1, 1901, to April 1, 1901.    Plea, the general issue.

The plaintiff was authorized to bring this action by virtue of the provisions of chapter 29 of the Resolves of 1907, and which said chapter reads as follows :

"Resolved, That William R. Marshall of Sioux Falls, South Dakota, administrator of the estate of William C. Marshall late of

Belfast in the county of Waldo, deceased, be authorized and empowered to bring and maintain a suit at common law in the supreme judicial court against the state of Maine to recover such sums as are claimed to be due said estate for the services of the said William C. Marshall as state assessor, and that such judgment if any, as may be recovered in such action, be paid from the state treasury."

When the action came on for trial, the facts were agreed upon and the case was reported to tħe Law Court for determination and to render such judgment as the law and the facts required.

The case is stated in the opinion.

*Williamson & Burleigh*, for plaintiff.

*Hannibal E. Hamlin*, Attorney General, for the State.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

SAVAGE, J. This action is brought against the State, by permission of the legislature, Chapter 29 of the Resolves of 1907, to recover a balance of salary alleged to have been due to the late William C. Marshall, as State Assessor, for the period from February 1, 1901, to April 1, 1901. Mr. Marshall was paid his salary up to February 1, 1901, at which time Mr. F. M. Simpson, who had been elected to succeed him, took the oath of office. But his administrator claims that his term of office did not expire until April 1, 1901, and that therefore there is still due to his estate the salary for the intervening two months. And the State contends that his term expired when Mr. Simpson qualified. This statement presents the only question raised by the parties.

The first statute providing for the election of State assessors was approved by the governor March 26, 1891, Chapter 103 of the Public Laws of 1891, and contained the following language:

Sect. 1. A board of State assessors shall be chosen biennially by the legislature by joint ballot of the senators and represenatives in convention, consisting of three members . . . . who shall

take and subscribe the oath provided by the constitution of the state, and hold their offices as provided in the following section.

Sec. 2. The term of office of said assessors·under said first section shall be, one for two years, one for four years, and the other for six years, and until their several successors are elected and qualified.

. . . Said state assessors shall be elected after the approval of this act by the legislature now in session, and shall hold their first meeting at the state capitol within thirty days thereafter. The assessors thereafter elected shall hold office for the term of six years each, excepting elections made to fill unexpired terms.

Sec. 4. . . . . In case of the death, resignation, refusal or inability to serve of any one or more of said board, the governor, with the advice and consent of the council, shall, as soon as may be, fill such vacancy by appointment, and the assessor so appointed shall hold office until his successor is elected by the next legislature, and qualified."

Under this statute, as appears upon the official records, on April 1, 1891, the legislature elected one assessor "for two years," another "for six years," and Frank Gilman "for four years." Mr. Gilman's term is the only one we need to consider. These·assessors all qualified on April 2, 1891. Mr. Gilman died during his term of office, and on March 8, 1892, Hall C. Burleigh was appointed by the governor to fill the vacancy, and qualified on the same day. Mr. Burleigh was elected by the legislature January 19, 1893, for the balance of the unexpired term of Mr. Gilman. He qualified February 7, 1893. Mr. Burleigh was elected by the legislature to succeed himself "for six years," January 3, 1895, and qualified April 3, 1895. Mr. Burleigh died during his term of office, and Mr. Marshall was appointed to succeed him, June 5, 1895, and qualified the following day. Mr. Marshall was elected by the legislature January 7, 1897 for the balance of the unexpired term of Mr. Burleigh. Mr. Simpson was elected January 3, 1901, for the period of six years, to succeed Mr. Marshall. He qualified February 1, 1901.

But notwithstanding what appears upon the official records as to the dates of the several elections, and as to the length of time for

which the several assessors were elected, the term of office of a State assessor is fixed by the statute, and its beginning and end must be ascertained from a construction of the statute.

It is contended that the phrases "two years," "four years," and "six years" in the statute were intended by the legislature to mean legislative years, and not calendar years, and that the original term of four years for which Mr. Gilman was elected, and of any succeeding term of six years, ended when successors were elected and qualified at any time during the legislative sessions. It is claimed that it is to be fairly inferred that the legislature had in mind the fact that the terms of office of the secretary of state, treasurer of state and attorney general end when their successors are elected and qualified. *Opinions of the Justices*, 70 Maine, at p. 591. And to support this inference, it is pointed out that these officers are elected under constitutional provisions phrased in language precisely similar to that in the statute in question. Const. of Maine, Art. V, Part Third, Sect. 1; Part Fourth, Sect. 1, and Art. IX, Sect. II. And from this it is claimed that the legislature by adopting this language intended to make the terms of office, by analogy, end as do the terms of these officers. And it is also suggested that the legislative meaning will become clear if we interpret the word "and" in the sentence after fixing the terms of office, "and until their several successors are elected and qualified," as meaning "or."

We think these contentions cannot be sustained. The argument by analogy fails at a vital point. The constitution does not fix the length of the terms of office of the secretary of state, treasurer of state and attorney general. It simply provides that they shall be elected by the legislature biennially. This statute expressly fixes the length of the terms of the State assessors. And while "and" may sometimes be interpreted as "or" to effectuate, and not to defeat, the evident intent of the legislature, it cannot be done when that intent clearly appears, as we think it does here, in the words used. The language "and until their several successors are elected and qualified" was evidently used to prevent a lapse of office in the possible interim between the expiration of a term of office and the election or qualification of a successor. Unless we would do vio-

lence to the language, we must interpret this statute as the legislature expressed it. We think that expression is clear and unmistakable. The terms of office are made definite. The first assessors were to be elected severally for two, four and six years, and the assessors thereafter to be elected were to "hold office for the term of six years each." The use of the expression, "the term of office shall be for four years," or the other expression, "shall hold office for the term of six years," imports, on the face of it, a fixed period of time, and this will control in the absence of anything in the statute to show that something else was intended. The statute contemplates that the terms of office are to expire at definite times, and not at the casual date of an election by the legislature.

It might have been provided by law that these terms of office should begin and end at a certain fixed date, but it was not. The statute being silent, we think the date was fixed by the first election. The terms of the assessors then elected began on that day. By qualifying they could have acted that day. The terms having begun on that day by election, the statute fixed their length. The term of Frank Gilman, in whose case only are we interested now, ended in four years from the date of his election, or April 1, 1895. After his death, his successor, by appointment first and then by election, held office for the full unexpired term. The term of Mr. Burleigh, elected in 1895, did not begin until the original Gilman term ended, so that Mr. Burleigh's term did not end until six years from April 1, 1895. And Mr. Marshall, filling out the unexpired term of Mr. Burleigh, was entitled to the office until April 1, 1901, when his term ended.

The plaintiff is therefore entitled to a judgment. In his writ he makes a claim for interest. But we think interest is not allowable against the State in a case like this, unless the resolve permitting the suit so provided. We do not think that Chapter 29 of the Resolves of 1907, under which we have jurisdiction, contemplates the payment of interest.

*Judgment for the plaintiff for $250.*