**STATE of Maine**

v.

**John W. LANE, Jr., et al.**

Supreme Judicial Court of Maine.

Argued March 13, 1985.

Decided July 10, 1985.

James E. Tierney, Atty. Gen., Joseph Wannemacher (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Daviau, Jabar & Batten, Joseph M. Jabar (orally), Waterville, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

After jury-waived trial in the Superior Court, Kennebec County, the defendants, John W. Lane, Jr., and Pleasant Hill Health Facility, Inc., appeal from judgment entered on their convictions of three counts of failure to "truthfully account for and

pay over" withheld income taxes in violation of 36 M.R.S.A. § 5331 (Supp.1984). We reverse.

At the times relevant to this action, Lane was the president, principal stockholder, and administrator of Pleasant Hill Health Facility, Inc., a corporation operating a nursing home in Fairfield. Pleasant Hill suffered financial difficulties during Lane's administration. As a result of the corporation's straitened circumstances and despite receiving reimbursement for gross salaries from the State, the defendants neglected to pay state income taxes required to be withheld from employees' pay checks, paying other expenses instead. Although the defendants failed to make the payments, they accurately reported to the State the amount of withholding owed.

Lane and the corporation were charged in August 1983 with three counts of failure to "truthfully account for and pay over" in violation of 36 M.R.S.A. § 5331.[1] Both Lane and Pleasant Hill entered pleas of not guilty. After trial in the Superior Court in July 1984, the court found the defendants guilty and the defendants appeal. Because we find the State failed to prove all elements of the crime charged, we reverse.

## I.

■ During sentencing, the Superior Court commented on the lack of any attempt on the defendants' part to conceal the misconduct. Responding to the defendants' request for findings of fact, the court also stated that although it found the defendants had intentionally violated the law, it found no "evil motive" in the defendants' acts. Contending that a conviction under the corresponding federal tax statute requires a finding of evil motive to establish willfulness, the defendants urge us to impose a similar requirement under 36 M.R.S.A. § 5331.[2]

We do not find it necessary to consult federal law to interpret section 5331. Since 1978, section 5331 has required "intentionally" as the state of mind necessary to commit the crime. See P.L.1977, ch. 696, § 295 (effective March 31, 1978). Our Legislature has defined "intentionally" as having, "with respect to a result of ... conduct ... [the] conscious object to cause such a result," or being "with respect to attendant circumstances ... aware of the existence of such circumstances or believ[ing] that they exist." 17–A M.R.S.A. § 35(1) (1983). Section 6 of the criminal code applies the provisions of section 35 to crimes outside the code "unless the context of the statute defining the crime clearly requires otherwise." 17–A M.R.S.A. § 6 (1983). Even if section 5331 still required a willful *mens rea* as it did when enacted, the element "willfully" is satisfied if "the person acted intentionally or knowingly" by virtue of 17–A M.R.S.A. § 34(1) (1983).

Furthermore, an examination of United States Supreme Court cases interpreting section 7202 of the Internal Revenue Code reveals no support for the evil motive aspect of willfulness advocated by the de-

---

1. Lane and the corporation were also indicted on five other charges in connection with the operation of the nursing home. One count was dismissed, and the defendants were acquitted of the others.

2. The defendants point out that 36 M.R.S.A. § 5331 is virtually the same as section 7202 of the Internal Revenue Code. As first enacted in 1969, section 5331 included the term "willfully." P. & S.L.1969, ch. 154. The section currently provides:

> Any person required under this Part to collect, truthfully account for and pay over any tax imposed by this Part, who *intentionally* fails to collect or truthfully account for and pay over that tax is, in addition to other

penalties provided by law, guilty of a Class C crime.

36 M.R.S.A. § 5331 (emphasis added).

The federal statute provides:

> Any person required under this title to collect, account for, and pay over any tax imposed by this title who *willfully* fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

26 U.S.C. § 7202 (1982).

fendants. In *United States v. Bishop*, the Court stated that "willfully," as used in the statutes defining tax offenses, "generally connotes a voluntary, intentional violation of a known legal duty." 412 U.S. 346, 360, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 941 (1973). The *Bishop* Court listed various formulations of the willfulness requirement, including the bad purpose and evil motive definition on which the defendants rely. *Id.*

The Supreme Court later commented on the meaning of "willfully" in *United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976) (per curiam). The Court stated: "We did not, however, [in *Bishop*] hold that the term requires proof of any motive other than an intentional violation of a known legal duty." The Court explained that the reference to other formulations, including "bad faith or evil intent," did not modify the standard of voluntary, intentional violation of a known duty. *Id.* A careful reading of *Bishop* demonstrates that the Court's "consistent interpretation of the word "willfully" to require an element of *mens rea* implements the pervasive intent of Congress to construct penalties that separate the purposeful tax violator from the well-meaning, but easily confused, mass of taxpayers." 412 U.S. at 361, 93 S.Ct. at 2017. We reject the defendants' claim that the Superior Court erred in finding them guilty while noting an absence of evil motive.

We agree, however, with the defendants' argument that the State failed to prove all elements of the indicted crime of failure truthfully to account for and pay over.

## II.

■ The defendants argue that section 5331 proscribes two separate acts: the intentional failure to collect and the failure truthfully to account for and pay over. Under the defendants' theory, the second crime consists of two elements, both of which the State must prove. The State would have us find a violation of the statute in the failure to perform any one of three steps, that is, the failure to collect, or

to account for truthfully, or to pay over. We conclude the defendants' construction of section 5331 is the correct one.

An employer who is required to deduct and withhold federal income taxes from the wages of employees must also deduct and withhold state income taxes. 36 M.R.S.A. § 5250(1) (Supp.1984). The statute further requires the employer to furnish its employees an information statement, file withholding returns, and pay over the withheld taxes on a regularly scheduled basis. *Id.* §§ 5251 & 5253(1) (Supp.1984). An employer who fails to pay over the taxes withheld from employees' wages is liable for the taxes that should have been paid. *Id.* § 5254 (Supp.1984).

The statute provides the State Tax Assessor with a range of penalties to impose or crimes to charge against an employer who fails to perform these obligations. When an employer fails to collect (or deduct and withhold), or truthfully account for, or pay over the tax, or make returns, the Assessor may serve a notice to require the employer to put taxes collectible after such notice in trust for the State or he may file a complaint seeking to enjoin the employer from doing business. *Id.* §§ 5253(2) & 5255–A (1978). The willful failure to collect or to account for truthfully and pay over or the willful attempt to evade or defeat the tax subjects the person responsible to a penalty equal to the total amount of tax evaded, not collected, or not accounted for and paid over. *Id.* § 5274–A (Supp. 1984). The intentional failure to pay tax, make a return, keep records, or supply information as required by the statute is a Class D crime. *Id.* § 5332 (Supp.1984). Additionally, the intentional attempt to evade or defeat a tax and the intentional failure to collect or truthfully account for and pay over a tax are Class C crimes. *Id.* §§ 5330 & 5331 (1978 & Supp.1984).

■ A statute must be construed as a whole to give effect to the intent of the legislature. *Fernald v. Maine State Parole Board*, 447 A.2d 1236, 1238 (Me.1982). We think if the legislature by enacting

section 5331 had intended to define as a Class C crime the intentional failure to collect *or* to account for truthfully *or* pay over, it would have written the section as it did sections 5253(2) and 5255–A, which clearly treat individually the four listed acts.[3] "[W]hile 'and' may sometimes be interpreted as 'or' to effectuate, and not to defeat, the evident intent of the legislature, it cannot be done when that intent clearly appears, as we think it does here, in the words used." *Marshall v. State*, 105 Me. 103, 106, 72 A. 873, 875 (1909).

■ We pay heed to the familiar rule that penal statutes must be strictly construed. *State v. Millett*, 392 A.2d 521, 525 (Me.1978). Our conclusion is dictated by the obvious difference in phrasing in the sections providing for the lesser penalties of trust and injunction compared to those, including section 5331, that impose a more severe sanction. We consider it both reasonable and sensible to read the statute to require more to prove a Class C violation than to establish a basis for a trust or injunction.

### III.

■ Having determined that section 5331 proscribes two rather than three crimes, we turn to the contention of the defendants that the State failed to prove both elements of the second crime, failure to account for truthfully and pay over. The defendants argue that by supplying the State with information accurately acknowledging the amounts due, they truthfully accounted for the withholding. We agree.

The State maintains that "to account for" is different from "to account," arguing that accurate record keeping is not sufficient to establish truthful accounting for within section 5331. In *Thomas v. Mahan*, quoted by the State, this court defined the phrase "holden to account for" as meaning "not merely to 'render an account of,' but, 'to be responsible for;' it stands in opposition to the right of appropriation to one's own use and benefit." 4 Me. 513, 520 (1827). We do not regard the acts of the defendants to be inconsistent with this definition.

The defendant not only kept accurate records, but also filed correct returns and annual reconciliations of tax withheld, Forms W–3. By furnishing this information, which was neither false nor misleading, the defendants acknowledged and truthfully accounted for Pleasant Hill's withholding tax obligation. Although the defendants did, in fact, appropriate the funds to their own use and benefit, the accurate reporting of the amounts due stood in opposition to the *right* of appropriation.

Taking a stance somewhat inconsistent with the three violation theory advocated in its brief, the State argued before this court that truthful accounting for includes the requirement of payment. This interpretation renders the "pay over" language mere surplusage. We will construe statutes, particularly criminal statutes, as being free

---

**3.** These sections provide in pertinent part:
Whenever any employer fails to collect, truthfully account for, pay over the tax, or make returns of the tax as required by this section, the assessor may serve a notice requiring such employer to collect the taxes which became collectible after service of such notice, to deposit such taxes in a bank approved by the assessor, in a separate account, in trust for and payable to the assessor, and to keep the amount of such tax in such account until paid over to the assessor. Such notice shall remain in effect until a notice of cancellation is served by the assessor.

36 M.R.S.A. § 5253(2).
The Tax Assessor may, by filing a complaint, apply for an injunction from doing business of any employer required to deduct and withhold tax under this Part whenever any such employer fails to deduct and withhold tax under this Part; or truthfully account for, or pay over, or make returns of the tax as required by section 5253. The existence of other civil or criminal remedies shall be no defense to this proceeding.
36 M.R.S.A. § 5255–A.

of superfluous language. *State v. Thibeault*, 402 A.2d 445, 449 (Me.1979).

We therefore reverse the Superior Court's conviction of the defendants.

Judgment of conviction vacated; remanded for entry of judgment of acquittal.

All concurring.