STATE of Maine

v.

**Thomas SIVISKI.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 13, 1995.
Decided Aug. 3, 1995.

---

Andrew Ketterer, Atty. Gen., Stanley W. Piecuch, Asst. Atty. Gen., Augusta, for the State.

Anthony P. Shusta, II, Corson & Shusta, P.A., Madison, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

LIPEZ, Justice.

Thomas Siviski appeals from a judgment entered in the Superior Court after his convictions on six counts of intentionally failing to file a State of Maine income tax return, 36 M.R.S.A. § 5332 (1990) (Kennebec County, *Chandler, J.*).[1] Contrary to his contention on appeal, the failure of the State Tax Assessor to promulgate a regulation indicating the place where the tax forms must be filed does not preclude criminal liability for the failure to file his tax returns. We affirm the judgment.

The criminal complaint against the defendant charged six counts of failure to make and file an income tax return for the years 1985–1990 as required by 36 M.R.S.A. § 5332. After the defendant entered a plea of not guilty and requested a jury trial, the case was transferred to the Superior Court. In a motion to dismiss, the defendant claimed, as he does on appeal, that his actions did not constitute a criminal act because the State failed to comply with 36 M.R.S.A. § 5227 (1990), that states in part, "[t]he assessor shall prescribe by regulation the place for filing any return...."[2] Following the denial of his motion, a jury trial resulting in conviction on all six counts, and sentencing, the defendant appealed.

Each of the six counts against the defendant reads as follows:

By receiving taxable income during [date], THOMAS F. SIVISKI was required by 36 M.R.S.A. § 5227 (1990) to make and file an income tax return with respect to such income, on or before April 15, 199–, at the principal office of the State Tax Assessor located in Augusta, Maine. THOMAS F. SIVISKI did intentionally fail to make said return to the State Tax Assessor, all in violation of 36 M.R.S.A. § 5332 (1990)....

The defendant focuses on the language in each count stating that he failed to make and file an income tax return on or before the specified time "at the principal office of the State Tax Assessor in Augusta, Maine." Because the complaint includes a specified place for filing, the defendant claims he has not committed criminal conduct by not filing in Augusta. The merits of that contention depend on whether the place of filing identified

---

1. § 5332. Failure to file return, supply information, pay tax

   Any person required under this Part to pay any tax or estimated tax, or required by this Part or regulation prescribed thereunder to make a return, other than a return of estimated tax, keep any records or supply any information, who intentionally fails to pay that tax or estimated tax, make the return, keep the records or supply the information, at the time or times required by law or regulation, in addition to other penalties provided by law, is guilty of a Class D crime....

2. The parties have stipulated that in fact no such regulation has been promulgated by the Tax Assessor.

in the complaint is an element of the crime or mere surplusage. We conclude that it is mere surplusage. *See* M.R.Crim.P. 7(e) (surplusage may be stricken from the charging instrument). *See also* 1 Cluchey & Seitzinger, *Maine Criminal Practice* § 7.10 at III–46 (surplusage is language which neither adds nor detracts from the charging instrument, and is not necessary to define the conduct complained of as the crime).

36 M.R.S.A. § 5332 makes it a crime to fail to file a tax return when that obligation exists. The statute sets forth the elements of the crime: "[1] Any person required ... to make a return ... [2] who intentionally fails to ... make the return ... [3] at the time or times required by law ... is guilty of a Class D crime...." 36 M.R.S.A. § 5332. The Legislature did not include the place of filing as an element of the crime.

The elements set forth in section 5332 are defined by separate statutory sections. *See State v. Lane*, 495 A.2d 773, 775 (Me.1985) (tax statute must be considered as a whole to discern its meaning as intended by the Legislature). 36 M.R.S.A. § 5220 sets forth who must file a return.[3] 36 M.R.S.A. § 5227 sets forth the time of filing: "[t]he income tax return ... required by this Part shall be filed on or before the date a federal income tax return ... is due to be filed." 36 M.R.S.A. § 5227.[4]

The defendant's argument is premised on the erroneous conclusion that additional language in section 5227 stating that "[t]he assessor shall prescribe by regulation the place for filing any return, declaration,

statement or other document required pursuant to this Part and for the payment of any tax" has been incorporated into section 5332 as an element of the crime. It has not. Even if the State had promulgated a regulation specifying the location for filing the return, nothing in the language of section 5332 defining the criminal conduct at issue suggests that the place of filing is an element of the crime. The State's failure to promulgate such a regulation, therefore, has no effect on the defendant's criminal liability pursuant to section 5332.

The entry is:

Judgment affirmed.

All concurring.

---

3. **§ 5220. Persons required to make returns of income**

An income tax return or franchise tax return with respect to the tax imposed by this Part shall be made, on such forms as may be required by the State Tax Assessor, by the following:

**1. Resident individuals.** Every resident individual:

**A.** Who is required to file a federal income tax return for the taxable year; or

**B.** Who, pursuant to this Part, has a Maine individual income tax liability for the taxable year.

. . . . .

4. **§ 5227. Time and place for filing returns and paying tax**

The income tax return or franchise tax return required by this Part shall be filed on or before the date a federal tax return (without regard to extension) is due to be filed. A taxpayer required to make and file a return under this Part shall, without assessment, notice or demand, pay any tax due thereon to the tax assessor on or before the date fixed for filing such return (determined without regard to any extension of time for filing the return). The assessor shall prescribe by regulation the place for filing any return, declaration, statement or other document required pursuant to this Part and for the payment of any tax.