1998 ME 36

**STATE of Maine**

v.

**Allen CORLISS.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 10, 1997.

Decided Feb. 25, 1998.

Stephanie Anderson, District Attorney, Julia A. Sheridan, Asst. Dist. Atty., Portland, for State.

Matthew Pollack, Pollack & Quirion, P.A., Topsham, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

LIPEZ, Justice.

[¶ 1] Allen Corliss appeals from a judgment entered in the Superior Court (Cumberland County, *Crowley, J.*) following his jury-waived trial at which he was found guilty of operating under the influence, Class C, in violation of 29–A M.R.S.A. § 2411(5)(D).[1] Corliss contends that the

---

1. 29–A M.R.S.A. § 2411 (1996 & Supp.1997) provides in pertinent part:

**1. Offense.** A person commits OUI, which is a Class D crime unless otherwise provided, if that person operates a motor vehicle:
  A. While under the influence of intoxicants; or

  B. While having a blood-alcohol level of 0.08% or more.
  . . .
**5. Penalties.** The following minimum penalties apply and may not be suspended:
  D. For a person having 3 or more previous OUI offenses within a 10–year period, which is a Class C crime:

court erred in granting the State's motion to amend the grand jury's indictment to reflect the correct date of one of his three prior OUI convictions. We affirm the judgment.

## I.

[¶ 2] On October 10, 1996, the Cumberland County Grand Jury indicted Allen Corliss for operating under the influence, Class C, in violation of 29–A M.R.S.A. § 2411. The indictment read in pertinent part:

> THE GRAND JURY CHARGES: That on or about the Eighth day of August 1996 in the Town of Freeport, County of Cumberland and State of Maine the above named defendant ALLEN CORLISS did operate a motor vehicle while under the influence of intoxicating liquor or drugs or while having 0.08% or more by weight of alcohol in his blood; the said ALLEN CORLISS having three or more convictions for Operating Under the Influence Offenses within a ten-year period, namely, on July 20, 1986 in the Bath District Court, on March 20, 1987 in the Cumberland County Superior Court and on November 20, 1989 in the Androscoggin County Superior Court.

[¶ 3] During his trial Corliss moved to dismiss the part of the indictment charging a Class C offense because the date of the first offense alleged, July 20, 1986, was more than ten years prior to the date of the alleged current offense, August 8, 1996. The State moved to amend the indictment by replacing "July 20, 1986" with "July 20, 1989," arguing that Corliss's certified driving record showed a prior conviction on July 20, 1989, in the Bath District Court and that Corliss had been in receipt of the driving record since discovery was commenced. Corliss conceded

that he was not unfairly surprised by the State's reliance on the July 20, 1989, conviction, and made no claim that his defense would be prejudiced by the amendment. The court granted the State's motion to amend.

[¶ 4] The court entered a judgment convicting Corliss of Class C OUI and sentenced him in accordance with 29–A M.R.S.A. § 2411(5)(D). Corliss filed an application to this Court to allow an appeal of his sentence pursuant to Maine Rule of Criminal Procedure 40(b), which was denied. This appeal followed.

## II.

[¶ 5] Pursuant to Maine Rule of Criminal Procedure 7(e),[2] the State may amend an indictment as to form. Any substantive change requires resubmission of the indictment to the grand jury. *See State v. Larrabee,* 377 A.2d 463, 465 (Me.1977); *State v. Hathorne,* 387 A.2d 9, 11 (Me.1978) (explaining that to amend the indictment in substance without resubmitting it to the grand jury may violate Article I, Section 7 of the Maine Constitution). A substantive amendment is one that "change[s] the nature or grade of the offense charged." *State v. Mottram,* 155 Me. 394, 400, 156 A.2d 383, 387 (1959) (quotations omitted). If the change in an indictment does not alter any fact that must be proved, the amendment is formal. *See Larrabee,* 377 A.2d at 465.

[¶ 6] The averment of time in an indictment is altogether formal, unless the time itself is a legal constituent of the offense. *See Mottram,* 155 Me. at 402, 156 A.2d at 387 (quotations omitted). When the State charges a crime enhanced by prior convictions of specified crimes, as it did in

(1) A fine of not less than $2,000, except if the person failed to submit to a test at the request of a law enforcement officer, a fine of not less than $2,400;

(2) A period of incarceration of not less than 6 months, except that if the person failed to submit to a test at the request of a law enforcement officer, a period of incarceration of not less than 6 months and 20 days;

(3) A court-ordered suspension of a driver's license for a period of 6 years; and

(4) In accordance with section 2416, a court-ordered suspension of the person's right to register a motor vehicle.

2. Maine Rule of Criminal Procedure 7(e) governs the amendment of indictments. The Rule provides in pertinent part:

> The court may permit the amendment of an indictment charging an offense other than a Class D or Class E crime at any time before verdict or finding if the amendment does not change the substance of the offense.

this case by charging Corliss with Class C OUI in violation of 29–A M.R.S.A. § 2411, the prior convictions are an essential element of the crime charged. *See Landry v. State,* 575 A.2d 315, 316–17 (Me.1990). An indictment must allege every element of the offense charged. *See State v. Weese,* 662 A.2d 213, 214 (Me.1995); *cf.* 15 M.R.S.A. § 757(1) (1980 & Supp.1997) ("[A] prior conviction shall be specially alleged if the sentencing provision of any crime requires that a present sentence be enhanced because the defendant has been previously convicted of a specified crime . . . .").

 [¶ 7] In this case, the indictment against Corliss properly alleged that "the said ALLEN CORLISS [has] three or more convictions for Operating Under the Influence Offenses within a ten-year period. . . ." Although the State must prove at trial the exact dates of the prior convictions to substantiate the general averment in the indictment, the exact dates need not be set forth in the indictment. *See State v. Brooks,* 656 A.2d 1205, 1207–08 (Me.1995) (general averment as to the existence of the prior convictions is sufficient, where averment adequately apprised defendant of the act charged). Thus, the indictment against Corliss, both before and after the amendment, contained every element necessary to charge him with Class C OUI in violation of section 2411. Indeed, the original indictment adequately charged Corliss with Class C OUI; the State's motion to amend the indictment was unnecessary. An amendment that relates solely to surplusage, such as the exact dates of Corliss's prior convictions, is formal. *See State v. Siviski,* 663 A.2d 568, 570 (Me.1995) (surplusage is language which neither adds nor detracts from the charging instrument, and is not necessary to define the conduct complained of as the crime) (citing 1 CLUCHEY & SEITZINGER, MAINE CRIMINAL PRACTICE § 7.10 at III–46).

 [¶ 8] An amendment as to form is permissible if it results in no prejudice to the defendant. *See Hathorne,* 387 A.2d at 12. Corliss conceded at trial that the State's reliance on the July 20, 1989, conviction did not unfairly surprise him, and he has made no claim that it unfairly prejudiced his de-

fense. In these circumstances, we conclude that the court did not err in granting the State's motion to amend the indictment to reflect the correct date of Corliss's prior conviction.

The entry is:

Judgment affirmed.

