2001 ME 140

**STATE of Maine**

v.

**Dennis MALONEY**

Supreme Judicial Court of Maine.

Submitted on briefs: Sept. 19, 2001.
Decided: Oct. 3, 2001.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

Robert A. Levine, Esq., Portland, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Dennis Maloney appeals from the judgment of conviction entered by the Superior Court (Cumberland County, *Crowley, J.*) on his conditional plea of guilty [1] to the offense of operating a motor vehicle while his license was revoked as a habitual offender (Class C), pursuant to 29–A M.R.S.A. § 2557 (1996 & Supp.2000).[2]

---

1. Conditional pleas are governed by M.R.Crim. P. 11(a)(2).

2. Section 2557 states, in relevant part:

    **1. Crime.** A person commits a crime as defined in subsection 2 if that person operates a motor vehicle on a public way, as defined in Title 17–A, section 505, subsection 2, when that person's license to oper-

ate a motor vehicle has been revoked under this subchapter or former Title 29, chapter 18–A and that person:

    **A.** Has received written notice of the revocation from the Secretary of State;
    **B.** Has been orally informed of the revocation by a law enforcement officer;
    **C.** Has actual knowledge of the revocation; or

Maloney claims that the Superior Court erred in denying his motions in limine to exclude (1) notice of his license revocation pursuant to 29–A M.R.S.A. § 2557(1)(D), and (2) evidence of his prior uncounseled misdemeanor conviction for operating after habitual offender revocation, which was used to enhance the misdemeanor to a felony pursuant to 29–A M.R.S.A. § 2557(2)(B)(1). We affirm the judgment.

## I. CASE HISTORY

[¶ 2] In 1987, Dennis Maloney's privilege to operate was revoked pursuant to the habitual offender statute. In 1996, Maloney was convicted in District Court (Portland, *Janelle, J.*), following his guilty plea to the misdemeanor offense of operating after habitual offender revocation, and was sentenced to pay a $500 fine. He was not represented by counsel at that time.

[¶ 3] Maloney was indicted on September 15, 2000, on the following three counts: (1) habitual motor vehicle offender, Class C, in violation of 29–A M.R.S.A. § 2557; (2) illegal attachment of plates, Class E, in violation of 29–A M.R.S.A. § 2104 (1996 & Supp.2000); and (3) possession of scheduled drugs, Class D, in violation of 17–A M.R.S.A. § 1107 (Supp.2000). The events from which the indictment arose took place in Portland on March 15, 2000.

[¶ 4] On December 6, 2000, Maloney filed a motion to dismiss, which the Superi-

or Court (*Perkins, A.R.J.*) heard and denied the same day. On January 29, 2001, the Superior Court (*Crowley, J.*) heard and denied Maloney's oral motions in limine to exclude from consideration his prior conviction and any inference from his original notice of habitual offender status. Maloney then entered a conditional plea of guilty, pursuant to M.R.Crim. P. 11(a)(2), to a single count of operating as a habitual motor vehicle offender (Class C). Maloney was sentenced to forty days in the county jail and fined $750. The sentence was stayed, and this appeal followed.

## II. NOTICE OF REVOCATION

[¶ 5] A person is guilty of the crime of operating after habitual offender license revocation if that person operates a motor vehicle on a public way after that person's license to operate has been revoked and that person:

**A.** Has received written notice of the revocation from the Secretary of State;
**B.** Has been orally informed of the revocation by a law enforcement officer;
**C.** Has actual knowledge of the revocation; or
**D.** Is a person to whom written notice was sent in accordance with section 2482 or former Title 29, section 2241, subsection 4.

29–A M.R.S.A. § 2557(1).

■ [¶ 6] The 1996 charge and guilty plea establishes Maloney's prior actual

---

**D.** Is a person to whom written notice was sent in accordance with section 2482 or former Title 29, section 2241, subsection 4.
**2. Offense; penalty.** Violation of this section is:
**A.** A Class D crime if:
**(1)** The person has no conviction for operating after revocation under this section or under former Title 29, section 2298 within the previous 10 years; and
**(2)** The person has no conviction for violating section 2411 or former Title 29,

section 1312–B within the previous 10 years; and
**B.** A Class C crime if:
**(1)** The person has one or more convictions for operating after revocation under this section or under former Title 29, section 2298 within the previous 10 years; or
**(2)** The person has one or more convictions for violating section 2411 or former Title 29, section 1312–B within the previous 10 years.

knowledge of his habitual offender status beyond any doubt. *See id.* § 2557(1)(C). Maloney claims that the admission of his 1987 notice of revocation pursuant to subparagraph (D) violated his right to due process. He asserts that the statutory language in subparagraph (D) reveals an intent to include notices of revocation sent pursuant to 29-A M.R.S.A. § 2482,[3] or former 29 M.R.S.A. § 2241(4),[4] but not notices of revocation sent pursuant to former 29 M.R.S.A. § 2184(1)(D) (1983), the statute in effect in 1987.

[¶ 7] Although the Superior Court ruled that the 1987 notice provision was covered by the current notice law, it did not need to reach the issue because the sufficiency of notice was established pursuant to section 2557(1)(C) by the 1996 charge and guilty plea. Maloney, therefore, gains nothing arguing technical inadequacy of notice under section 2557(1)(D).

## III. USE OF A PRIOR UNCOUNSELED CONVICTION FOR ENHANCEMENT PURPOSES

■ [¶ 8] Maloney contends that his right to due process was violated when the Superior Court used his 1996 uncounseled misdemeanor conviction for charge enhancement purposes. According to Maloney, although a prior uncounseled conviction may be considered in sentencing under *Nichols v. United States*, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), and *State v. Cook*, 1998 ME 40, 706 A.2d 603, it cannot be used to change the classification of an offense.

[¶ 9] In *Nichols*, the United States Supreme Court held "consistent with the Sixth and Fourteenth Amendments of the Constitution, that an uncounseled misdemeanor conviction, valid ... because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." *Nichols*, 511 U.S. at 748–49, 114 S.Ct. 1921. Because enhancement statutes do not change the penalty imposed for the earlier conviction, a prior uncounseled misdemeanor may be used for enhancement purposes, even if the subsequent sentence entails imprisonment. *Id.* at 746–47, 114 S.Ct. 1921. The Supreme Court noted that reliance upon a prior conviction is "consistent with the traditional understanding of the sentencing process," which permits a trial judge to consider a variety of factors as long as the conduct at issue is proven by a preponderance of the evidence. *Id.* at 747–48, 114 S.Ct. 1921.

---

3. 29-A M.R.S.A. § 2482 (1996 & Supp.2000) provides, in relevant part:

   **§ 2482. Notice of suspension or revocation of license**

   1. **Notification by Secretary of State.** Upon determining that a person is subject to license suspension or revocation, the Secretary of State shall immediately notify the person, in writing, that the license has been suspended or revoked. The notice:

   A. Must be sent to the last name and address provided under section 1407, or, if the person has not applied for a license, on record with the Secretary of State;

   B. Must be sent to the address provided in the report of the law enforcement officer if that address differs from the address of record; or

   C. May be served in hand.

4. 29 M.R.S.A. § 2241(4) (Pamph.1991), *repealed by* P.L.1993, ch. 683, § A–1 (effective January 1, 1995) provides, in relevant part:

   Written notice is sufficient if sent by regular mail to the last known name and address provided by the person, as required by section 546, to the Secretary of State or, in the case of a person who has not applied for or who has not been issued a Maine operator's license, to the last address shown by the records maintained by the Secretary of State.

[¶ 10] In *State v. Cook*, 1998 ME 40, ¶ 2, 706 A.2d at 604, a prior uncounseled conviction for operating under the influence (OUI) was used to sentence the defendant to the mandatory minimum imprisonment that accompanies a second offense OUI. Finding the Supreme Court's reasoning in *Nichols* to be persuasive, we held that "article I, section 6–A of the Maine Constitution does not prevent the State's reliance on a prior uncounseled but constitutional misdemeanor conviction to obtain a mandatory minimum term of imprisonment in a subsequent proceeding." *Id.* ¶¶ 11–12, 706 A.2d at 606–07.

[¶ 11] Maloney claims that, in contrast to *Nichols* and *Cook*, his prior conviction was used to change the classification of his offense, violating his right to due process. Although Maloney's prior conviction is itself an essential element of the felony offense, *see State v. Corliss*, 1998 ME 36, ¶ 6, 706 A.2d 593, 594–95, the imprisonment imposed relates only to the second habitual offender conviction. A change in classification of the subsequent crime from a misdemeanor to a felony does not, in any way, alter the penalty imposed for the previous conviction. Consequently, the court did not err in allowing Maloney's prior uncounseled misdemeanor conviction to enhance his charge from a Class D misdemeanor to a Class C felony.

The entry is:

Judgment affirmed.