STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CRIMINAL ACTION
                                        DOCKET NO. CR-07-904

STATE OF MAINE,

                  Plaintiff

v.                                      ORDER & DECISION


MICHAEL BURT

                  Defendant

## BACKGROUND

The defendant, Michael Burt (Burt), was indicted on May 11, 2007 for operating a

motor vehicle while under the influence of intoxicants (OUI), or while having a blood

alcohol level of 0.08% or more, in violation of 29-A M.R.S. § 2411 (2007).[1] The crime was

charged as a Class C felony because the State has alleged the following two prior

offenses: a conviction for OUI that occurred on November 14, 2001 in York County

Superior Court; and an administrative suspension for refusing a chemical test that

became effective on September 19, 1997.[2] Burt has moved to dismiss the felony

---

[1] The defendant was also charged with violation of a license restriction pursuant to 29-A M.R.S.
§ 1251 (2007). However, he is not contesting that charge here.

[2] The relevant portions of section 2411 are:

1-A. OFFENSE. A person commits OUI if that person:

    A. Operates a motor vehicle:

        1) While under the influence of intoxicants; or

        2) While having a blood-alcohol level of 0.08% or more;

. . .

5. PENALTIES . . . The following minimum penalties apply and may not be suspended:

. . .

    C. For a person having 2 previous OUI offenses within a 10-year
    period, which is a Class C crime:

classification and to strike the allegation of the administrative suspension because he contends that the use of an administrative action to raise the classification of a crime violates his right to due process and his Sixth Amendment right to a jury trial. For the reasons discussed below, his motion is DENIED.

## DISCUSSION

The charge of OUI may be elevated to a felony classification if a defendant has at least two prior OUI offenses within the past ten years. 29-A M.R.S. § 2411(C), (D) (2007). The term "OUI offense" is defined as "an OUI conviction *or suspension for failure to submit to a test.*" *Id.* at § 2401(11) (emphasis added). Thus, under the plain language of the statute, the crime of OUI can be charged as a felony if a defendant has at least two prior OUI convictions, two prior suspensions for refusal, or one of each. Here, the indictment alleges both a prior conviction and a prior administrative suspension. While Burt does not challenge the allegation of the prior conviction, he does assert that the classification of the current OUI as a felony cannot be based on an administrative suspension.

The United States Supreme Court has held that the use of a prior uncounseled misdemeanor conviction to enhance sentencing does not violate the Sixth or Fourteenth

---

1) A fine of not less than $ 1,100, except that if the person failed to submit to a test at the request of a law enforcement officer, a fine of not less than $ 1,400;

2) A period of incarceration of not less than 30 days, except that if the person failed to submit to a test at the request of a law enforcement officer, a period of incarceration of not less than 40 days;

3) A court-ordered suspension of a driver's license for a period of 4 years; and

4) In accordance with section 2416, a court-ordered suspension of the person's right to register a motor vehicle.

Amendments when the prior conviction did not result in a sentence of imprisonment. *Nichols v. United States*, 511 U.S. 738, 748-49 (1994). Put another way, there is only a constitutional prohibition on the use of uncounseled prior convictions that are punished by imprisonment. *Id.* This is because criminal defendants have a constitutional right to counsel only when convicted of a crime that results in imprisonment. *Id.* at 746-49 (discussing *Scott v. Illinois*, 440 U.S. 367 (1979)). Thus, the Constitution is only violated when a prior unconstitutional conviction is used to enhance a sentence.

Burt mistakenly asserts that the issue in *Nichols* was "whether a valid conviction, with proof beyond a reasonable doubt and the right to a jury trial, is sufficiently reliable to be used to increase a potential term of imprisonment when the defendant did not have a lawyer to help him test the evidence." Def.'s Mot. Dismiss ¶ 2 (Jan. 2, 2008). Instead, the issue was simply whether an uncounseled prior conviction that was constitutionally obtained, because no right to counsel had ever attached in the prior proceeding, could be used to enhance a sentence that would result in imprisonment. *Nichols*, 511 U.S. at 746-49. Therefore, the Nichols Court was interpreting only the Sixth Amendment right to counsel, and not the right to a jury trial or the reliability of a prior conviction. Although Burt objects to the fact that he was not provided with an attorney during the prior suspension hearing, there is no Sixth Amendment right to counsel that attaches in administrative proceedings, and the defendant has not argued that he was denied any other constitutional rights that he may have been entitled to at the administrative hearing.

Moreover, the Law Court has similarly held that the use of an uncounseled prior conviction to enhance a sentence does not violate a defendant's due process rights under article I, section 6-A of the Maine Constitution. *State v. Cook*, 1998 ME 40, ¶¶ 11-12, 706 A.2d 603, 606-07. However, even though the use of an uncounseled prior

3

conviction for sentencing enhancement does not automatically create constitutional concerns, the question presented in this case is not about sentencing, but about the proper classification of a crime. Thus, the above cases do not explain whether the use of either a prior conviction or a prior administrative suspension to enhance the classification of a crime is constitutional under the Sixth Amendment.[3] The Law Court has held that the use of a prior conviction to change the classification of an offense does not create due process concerns. *State v. Maloney*, 2001 ME 140, ¶¶ 8-11, 785 A.2d 699, 701-02. The Court discussed both *Nichols* and *Cook*, and came to the conclusion that "[a] change in classification of the subsequent crime from a misdemeanor to a felony does not, in any way, alter the penalty imposed for the previous conviction." *Id.* ¶ 11, 785 A.2d at 702.

The Court did, however, point out that "[a] prior conviction is itself an essential element of the felony offense." *Id.* (citing *State v. Corliss*, 1998 ME 36, ¶ 6, 706 A.2d 593, 594-95). Additionally, the Supreme Court has held that to satisfy both the Sixth and Fourteenth Amendments, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). To allow otherwise would violate a defendant's right to due process of law and his right to a trial by jury. *Id.* at 476-77. Thus, in this case, the administrative suspension is a "fact," and thus an essential element of the crime charged that must be pled and proved beyond a reasonable doubt. The suspension has

---

[3] The Law Court *has* previously held that the use of prior refusal suspensions to enhance the classification of the crime of OUI does not violate a defendant's right to due process of law. *State v. Cote*, 1999 ME 123, ¶ 21, 736 A.2d 262, 267. However, the defendant in that case did not raise the issue of any Sixth Amendment violations. Instead, he incorrectly argued that he was entitled to a warning on the implied consent form concerning the potential future consequences of refusing a chemical test. *Id.* ¶¶ 7-9, 736 A.2d at 264-65. Therefore, *Cote* does not answer the issue presented by the defendant in this case.

4

been properly alleged here, and it is too soon to determine whether the prosecution has met its burden of proof.

Finally, although the defendant has asserted that only a valid conviction may be used to enhance the classification of a crime from a misdemeanor to a felony, Maine's criminal statutes are replete with examples of crimes that may be classified as either misdemeanors or as felonies depending on the facts supporting the charge. For example, the crime of assault may be charged as a misdemeanor, but can also be charged as a felony depending on facts such as the age of the victim, the extent of bodily injury to the victim, or whether a dangerous weapon was used in the crime. *See* 17-A M.R.S. §§ 207, 208, 208-B (2007). Similarly, the classification for the crime of theft by unauthorized taking or transfer depends on the value of the property taken. *Id.* at § 353. In this instance, the prior administrative suspension is simply one of the alleged facts to support the charge of felony OUI, and its use by the prosecution to enhance the classification of the crime charged does not violate his constitutional rights.

## CONCLUSION

The defendant's motion to dismiss the felony charge and to strike the allegation of the prior administrative suspension is DENIED.

DATED: February 6, 2008

Joyce A. Wheeler, Justice

A True Copy
Attest: _____ Clerk of Courts

2008 FEB -8 P 12:36
STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

5