MAINE SUPREME JUDICIAL COURT                              Reporter of Decisions
Decision:      2016 ME 25
Docket:        Wal-14-533
Argued:        October 6, 2015
Decided:       February 4, 2016

Panel:         SAUFLEY, C.J., and MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

CHRISTOPHER SUDSBURY

PER CURIAM

[¶1]   After Christopher Sudsbury sold a single strip of Suboxone to a confidential informant for twenty-five dollars, a jury found him guilty of aggravated trafficking of a schedule W drug (Class A), 17-A M.R.S. § 1105-A(1)(B)(1) (2015), and the court (Waldo County, *Alexander, J.*) sentenced him to eight years in prison.[1]   The State now concedes that it failed to present evidence—required for purposes of proving the charged Class A crime—that the Suboxone was, in fact, a schedule W drug.[2]   *See* 17-A M.R.S. §§ 1102(1),[3] 1105-A(1)(B)(1) (2015).   Thus, we have no choice but to vacate the conviction.

---

[1]   Because of prior convictions, the sale of the single strip—had it been proven to be a schedule W drug—would have brought Sudsbury within the definition of aggravated trafficking of scheduled drugs. *See* 17-A M.R.S. § 1105-A(1)(B)(1) (2015).   On appeal, Sudsbury has also challenged the legality of his eight-year sentence, but we do not reach that challenge because we vacate the conviction.

[2]   Unlike in *State v. Barnard*, 2001 ME 80, ¶¶ 9-15, 772 A.2d 852, where the defendant argued that the evidence was insufficient to establish that the substance sold was, in fact, a particular drug, Sudsbury

[¶2]  To prove the charged crime of aggravated trafficking in a schedule W drug, the State had to prove that (1) Sudsbury intentionally or knowingly trafficked in what he knew or believed to be a scheduled drug; (2) the drug sold was "in fact a scheduled drug"; (3) Sudsbury had "one or more prior convictions for any Class A, B or C offense under this chapter or for engaging in substantially similar conduct to that of the Class A, B or C offenses under this chapter in another jurisdiction"; and (4) the trafficked drug was "[a] schedule W drug."  17-A M.R.S. §§ 1103(1-A), 1105-A(1)(B)(1) (2015).  Neither Suboxone itself nor its active ingredient, buprenorphine, is explicitly named as a prohibited scheduled drug in any of the schedules established by the Legislature.  *See* 17-A M.R.S. § 1102 (2015).  Thus, proof that Sudsbury sold a strip of Suboxone was insufficient to satisfy the statutory element requiring that the trafficked substance be "in fact a scheduled drug," *see id.* § 1103(1-A), or, more particularly, a schedule W drug, *see id.* § 1105-A(1)(B)(1).

[¶3]  To prove that Sudsbury's conduct fell within the definition of the crime charged, the State was therefore required to present evidence that Suboxone is a drug that falls within one of the listed categories of schedule W drugs, such as "any

argues here that the evidence was insufficient to establish that the particular drug, undisputedly identified as Suboxone through its appearance and a chemical analysis, fell within a particular schedule.

[3]  The Legislature's recent amendment to the statute defining the drug schedules did not add Suboxone or buprenorphine to any schedule.  *See* P.L. 2015, ch. 330, § 1 (emergency, effective July 12, 2015) (codified at 17-A M.R.S. § 1102 (2015)).

compound, mixture or preparation containing narcotic drugs" that is not listed or described in another schedule. *Id.* § 1102(1)(I). At trial, however, no evidence was presented to the jury that Suboxone or buprenorphine constituted a narcotic or fell into any other category established in schedule W. *See id.* § 1102(1).[4]

[¶4] Although the State argues that proof of the sale of the Suboxone strip could support a conviction for the Class C offense of aggravated trafficking of a schedule Z drug, 17-A M.R.S. § 1105-A(1)(B)(6) (2015), neither Suboxone nor its key ingredient buprenorphine is specifically classified as a schedule Z drug, *see id.* § 1102(4) (identifying substances classified in schedule Z), and again, the State failed to establish that either Suboxone or buprenorphine was a prescription drug "other than those included in schedules W, X or Y" or a nonprescription drug "other than those included in schedules W, X or Y" as designated by the Maine Board of Pharmacy, *id.* § 1102(4)(A), (C). Thus, contrary to the State's suggestion, we cannot remand for the entry of a judgment of conviction of

---

[4] If the schedule of the drug had not been required as an element of the crime but instead served to increase the sentence for a proved crime beyond a statutory maximum, the jury would similarly be unable to reach that sentence-increasing finding on the evidentiary record supplied by the State here. *See* U.S. Const. amends. VI, XIV; *Blakely v. Washington*, 542 U.S. 296, 301 (2004) ("'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000))); *State v. Schofield*, 2005 ME 82, ¶¶ 13-27, 895 A.2d 927 (requiring a jury to make the determination of whether a Class A crime was "among the most heinous and violent offenses committed against a person" before the defendant could be sentenced to a term above twenty years pursuant to the statute then in effect).

4

trafficking in the lowest schedule of drug because the evidence also fails to identify the substance as falling within that schedule.[5]

[¶5]  We also cannot, as the State suggests, remand for a new trial.  The State failed to satisfy its burden of proving an element of the charged crime,[6] and the defendant moved for a judgment of acquittal on that basis to preserve his claim of error.  *See State v. Lane*, 495 A.2d 773, 776-77 (Me. 1985); *State v. Smith*, 400 A.2d 749, 754-55 (Me. 1979).  Given the State's conceded failure of proof, we must vacate the judgment of conviction.  To do otherwise would subject Sudsbury to double jeopardy in violation of the federal and state constitutions.  *See* U.S. Const. amends. V, XIV, § 1; Me. Const. art. I, § 8; *Burks v. United States*, 437 U.S. 1, 18 (1977); *State v. Cotton*, 673 A.2d 1317, 1319 (Me. 1996).  We remand for the entry of a judgment of acquittal.  *See Lane*, 495 A.2d at 776-77.

The entry is:

> Judgment vacated.  Remanded for entry of judgment of acquittal.

---

[5]  Moreover, the State does not take the position that the drug sold was, in fact, other than a schedule W drug.

[6]  Specifically, the State failed to prove that the Suboxone strip was "in fact a scheduled drug," 17-A M.R.S. § 1103(1-A) (2015), or, more particularly, that it was "[a] schedule W drug," *id.* § 1105-A(1)(B)(1).

**On the briefs:**

Sean Ociepka, Esq., Belfast, for appellant Christopher Sudsbury

Katie R. Hollstrom, Asst. Dist. Atty., District Attorney's Office, Bath, for appellee State of Maine

Zachary L. Heiden, Esq., ACLU of Maine Foundation, Portland, and Catherine R. Connors, Esq., and Joshua D. Dunlap, Esq., Pierce Atwood LLP, Portland, for amicus curiae American Civil Liberties Union of Maine Foundation

**At oral argument:**

Sean Ociepka, Esq., for appellant Christopher Sudsbury

Katie R. Hollstrom, for appellee State of Maine

Waldo County Superior Court docket number CR-2014-13
FOR CLERK REFERENCE ONLY