1998 ME 40

**STATE of Maine**

v.

**David COOK.**

Supreme Judicial Court of Maine.

Argued Sept. 2, 1997.

Decided Feb. 27, 1998.

---

**604**

Stephanie Anderson, District Attorney, Julia A. Sheridan, Asst. Dist. Atty. (orally), Portland, for State.

Robert A. Levine (orally), Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

[¶ 1] David Cook appeals from a judgment entered in the Superior Court (Cumberland County, *Cole, J.*) convicting him of operating an automobile under the influence of intoxicating liquors (OUI), second offense, in violation of 29–A M.R.S.A. § 2411 (1996 & Supp.1997). Cook contends that the use of his prior uncounseled OUI conviction to obtain the mandatory minimum imprisonment provided in section 2411(5)(B)(2) [1] violates his right to due process of law.[2] We affirm the judgment.

[¶ 2] In May 1993 Cook was convicted in the District Court (Portland, *MacNichol, J.*) of OUI, first offense, in violation of 29 M.R.S.A. § 1312–B (Pamph.1993) *repealed by* P.L.1993, ch. 683, § A–1 (effective, Jan. 1, 1995) without counsel and without a waiver of counsel. Cook's uncounseled conviction resulted in the imposition of a $350 fine and a 90–day suspension of his driver's license. In September 1995 Cook was arrested and charged with OUI, second offense, in violation of 29–A M.R.S.A. § 2411. Cook objected to the mandatory minimum imprisonment which accompanies OUI, second offense, citing our decision in *State v. Dowd,* 478 A.2d 671 (Me.1984), where we applied the reasoning of *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), to hold that article I, section 6–A of the Maine Constitution barred the use of a prior uncounseled adjudication to invoke a mandatory jail term in a subsequent proceeding.[3] The State cited *Nichols v. United States,* 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), in which the United States Supreme Court

---

1. 29–A M.R.S.A. § 2411(5)(B)(2) provides, *inter alia,* a mandatory minimum imprisonment of 7 days for convicted OUI offenders having one previous OUI offense within a 10–year period.

2. This issue arises in a somewhat unusual procedural posture, but the State has not objected and both parties have addressed in their briefs the merits of Cook's contentions.

3. Article I, section 6–A of the Maine Constitution provides, in pertinent part, "No person shall be

deprived of life, liberty or property without due process of law."

The defendant in *State v. Dowd,* 478 A.2d 671 (Me.1984), asserted his right to due process under article I, section 6–A rather than his right to counsel under article I, section 6 because in Maine an indigent defendant's right to appointed counsel is predicated on the former provision and not the latter. *See State v. Sklar,* 317 A.2d 160, 165 (Me.1974) (discussing *Newell v. State,* 277 A.2d 731, 738 (Me.1971)).

overruled *Baldasar* and held that the Sixth Amendment to the United States Constitution allowed the use of uncounseled convictions to enhance a sentence of imprisonment in subsequent proceedings. The Superior Court overruled Cook's objection and imposed, *inter alia*, a seven-day jail term pursuant to the mandate of 29-A M.R.S.A. § 2411(5)(B)(2). This appeal followed.

## I.

[¶ 3] In order to decide the appeal now before us, we must first determine whether Cook's prior uncounseled OUI conviction was constitutionally obtained. In *Newell v. State,* 277 A.2d 731 (Me.1971), we decided, pursuant to article I, section 6–A of the Maine Constitution, that an indigent misdemeanor defendant in Maine is entitled to appointed counsel in all serious misdemeanor cases, i.e., where the statutory penalty permits imprisonment in excess of six months or a fine in excess of $500. Pursuant to the Sixth Amendment to the U.S. Constitution, however, an indigent misdemeanor defendant is entitled to appointed counsel in all cases involving actual imprisonment. *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). Because Cook was not sentenced to actual imprisonment, he was not entitled to counsel pursuant to the Sixth Amendment for his first OUI offense. His prior uncounseled conviction was therefore constitutionally obtained pursuant to the federal standard, but not pursuant to the state standard.

[¶ 4] These standards, however, are incompatible, and this incompatibility arises in two instances: (1) when an indigent defendant is charged with a serious misdemeanor as defined in *Newell* but is not sentenced to any imprisonment and (2) when an indigent defendant is not charged with a serious misdemeanor but is sentenced to a term of actual imprisonment. In the first instance, an indigent defendant is entitled to appointed counsel under the Maine Constitution but not under the U.S. Constitution. In the second instance, the entitlement is reversed: an indigent defendant is entitled to appointed counsel under the U.S. Constitution but not under the Maine Constitution.

[¶ 5] The simultaneous application of these two standards demonstrates their incompatibility. The District Court cannot apply the Maine standard alone, because such application would deprive some indigent defendants of their federal right to counsel under the Sixth Amendment. Nor can the District Court apply the federal standard alone, because that would deprive some indigent defendants of their state right to counsel under article I, section 6–A. In order to meet both standards, the District Court is forced to apply them simultaneously, which has the unintended effect of providing indigent defendants with a greater right to counsel than that to which they are entitled under either the state or federal standard alone.

[¶ 6] The present incompatibility of these two standards compels us to clarify the law of Maine regarding right to counsel. In so doing, we overrule *Newell* and hold, consistent with the reasoning in *Scott,* that an indigent misdemeanor defendant has a right to counsel under article I, section 6–A of the Maine Constitution when imprisonment will actually be imposed. This "bright line" rule provides defendants, prosecutors, and criminal courts in Maine with the clarity they deserve, while adhering to the principle that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment. *See Scott v. Illinois,* 440 U.S. at 373, 99 S.Ct. at 1161–62. To conclude otherwise would create further confusion, hinder the administration of justice, and impose substantial costs on our judicial system.

## II.

[¶ 7] In *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), the Court held that an uncounseled misdemeanor conviction, constitutional under *Scott,* could not be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony subject to mandatory imprisonment. The *Baldasar* majority, however, offered three different rationales to support its holding. Justice Stewart, joined by Justices Brennan and Stevens, reasoned that the enhanced penalty statute clearly violated the rule of *Scott* by imposing actual imprisonment as a direct result of the previous un-

counseled conviction. *Id.* at 224, 100 S.Ct. at 1586. Justice Marshall, also joined by Justices Brennan and Stevens, voiced his continued disagreement with the rule of *Scott,* but reasoned after assuming *Scott*'s validity that an uncounseled misdemeanor conviction that was unconstitutional under *Scott* for the purpose of directly imposing imprisonment remained unconstitutional for the purpose of collaterally imposing imprisonment in a subsequent proceeding. *Id.* at 228, 100 S.Ct. at 1588. Finally, Justice Blackmun refused to accept or apply the rule of *Scott,* instead applying the rule of his *Scott* dissent—that an indigent is entitled to counsel whenever he faces actual imprisonment or the possibility of imprisonment in excess of six months—to conclude that the *Baldasar* defendant should have had counsel for his prior conviction and therefore the conviction was invalid for the purpose of imposing imprisonment in the subsequent proceeding. *Id.* at 229–30, 100 S.Ct. at 1588–89.

[¶ 8] We addressed the *Baldasar* decision in *State v. Dowd,* 478 A.2d 671 (1984), in which a defendant argued, as a matter of Maine constitutional law, that his prior uncounseled OUI adjudication could not be used to obtain the mandatory minimum imprisonment for his subsequent conviction for operating after suspension (OAS). At the onset of our *Baldasar* analysis, we noted the fragmented nature of that plurality decision and the extent to which the fragmentation had caused some courts to question *Baldasar*'s precedential value. *Id.* at 677, n. 9. We then referred to the concurrences of Justices Stewart and Marshall in concluding that *Baldasar* extended the rule of *Scott* to bar not only direct but also collateral imprisonment arising from an uncounseled misdemeanor conviction. *Id.* Applying this extension under article I, section 6–A of the Maine Constitution, we held that the defendant's prior uncounseled OUI adjudication could not be used to impose actual imprisonment in his subsequent OAS proceeding. *Id.* at 678.

[¶ 9] In *Nichols v. United States,* 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745

(1994), the Supreme Court revisited and overruled *Baldasar,* due in part to the confusion and conflict its fractured holding had wrought in both state and federal courts. *Id.* at 742, 745–46, 114 S.Ct. at 1925, 1926–27. *Nichols* involved a defendant who was sentenced under the Federal Sentencing Guidelines to an additional twenty-five months' imprisonment on the basis of an uncounseled misdemeanor conviction. *Id.* at 740, 114 S.Ct. at 1923. In affirming the defendant's increased sentence, the Court held that his uncounseled misdemeanor conviction, constitutional under *Scott* when no imprisonment was directly imposed, was also constitutional for the purpose of collaterally imposing imprisonment in the subsequent proceeding. *Id.* at 748, 114 S.Ct. at 1928.

[¶ 10] The Supreme Court offered two substantive reasons for its decision to overrule *Baldasar* and allow the use of uncounseled misdemeanor convictions for collateral imprisonment purposes. First, the Court asserted that enhanced penalty statutes,[4] regardless of their form, penalize only the subsequent conviction and do not change the penalty for the prior conviction. *Id.* at 747, 114 S.Ct. at 1927–28. Second, the Court noted that the use of prior uncounseled but constitutional convictions for collateral imprisonment purposes comports with "the traditional understanding of the sentencing process," whereby a sentencing court may consider a broad swath of information concerning a defendant, including not merely his prior convictions but also his past criminal conduct, as long as that conduct is proven by a preponderance of the evidence. *Id.* at 747–48, 114 S.Ct. at 1927–28.

[¶ 11] We find the Court's reasoning in *Nichols* to be persuasive under article I, section 6–A of the Maine Constitution. In the case at bar, Cook would face no imprisonment *at all* had he not reoffended. The seven days of incarceration he now faces punishes him solely for his second OUI offense, and in no way adds to or alters the penalty he received for his initial OUI conviction. Further, in Maine a sentencing court

---

4. In his concurring opinion, Souter, J., stated that the case did not involve a mandatory enhancement of Nichols's sentence. *Nichols v.*

*United States,* 511 U.S. 738, 751–54, 114 S.Ct. 1921, 1929–31, 128 L.Ed.2d 745 (1994).

has broad discretion to determine the information it will consider, and due process requires only that it be reliable. *State v. Berube*, 1997 ME 165, ¶ 14, 698 A.2d 509. There is no constitutional problem with the sentencing court considering Cook's prior uncounseled OUI conviction, where that conviction was constitutionally obtained and proven beyond a reasonable doubt, when the court can already consider the conduct underlying that conviction if proven by a preponderance of the evidence.

■ [¶ 12] We therefore overrule *Dowd*, concluding that article I, section 6–A of the Maine Constitution does not prevent the State's reliance on a prior uncounseled but constitutional misdemeanor conviction to obtain a mandatory minimum term of imprisonment in a subsequent proceeding.[5]

The entry is:

Judgment affirmed.

---

5. *Dowd* presents an unusual circumstance where we treated an uncounseled OUI civil adjudication as if it were the equivalent of an uncounseled misdemeanor conviction. For the purposes of our analysis in this case, however, this is a distinction without a difference.