2011 ME 60

**STATE of Maine**

v.

**Philip G. GALARNEAU III.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 24, 2011.

Decided: May 19, 2011.

Hunter J. Tzovarras, Esq., Hampden, ME, for Philip Galarneau, III.

R. Christopher Almy, District Attorney, Susan J. Pope, Asst. Dist. Atty., Bangor, ME, for the State of Maine.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SILVER, J.

[¶1] Philip G. Galarneau III appeals from a judgment entered in the Unified Criminal Docket (Penobscot County, *Kelly, J.*) convicting him, following his conditional guilty plea pursuant to M.R.Crim. P. 11(a)(2), of operating after habitual offender revocation (HO) (Class C), 29–A M.R.S. § 2557–A(1)(A), (2)(B) (2010). Galarneau argues that the prior conviction that enhanced his charge was unconstitutionally imposed because he was not represented by counsel assigned exclusively to him, and because the court did not inform Galarneau of his right to counsel. We conclude that Galarneau's prior conviction

was constitutional because he was represented by the lawyer for the day[1] during his initial appearance on the charges filed in the Superior Court, and the court confirmed that the lawyer for the day did in fact advise him of his rights.

## I. FACTUAL AND PROCEDURAL HISTORY

[¶ 2] The relevant prior conviction occurred in 2008. Following an incident in Bangor in July of that year, Galarneau was charged with operating under the influence (OUI) (Class D), 29–A M.R.S. § 2411(1–A)(A), (C)(1) (2008),[2] and aggravated HO (Class D), 29–A M.R.S. § 2558(1)(A), (2)(A) (2010). He was arraigned in the District Court on August 1, 2008, without a lawyer, and he pleaded not guilty. On August 6, 2008, an information containing the same charges was filed in the Superior Court, where the State also filed a motion to revoke Galarneau's probation from a 2007 Superior Court (Kennebec County, *Mills, J.*) conviction of assault (Class D), 17–A M.R.S. § 207(1)(A) (2010). The District Court charges were later dismissed.

[¶ 3] Also on August 6, 2008, Galarneau made his initial appearance on the probation violation charge in the Superior Court (*Anderson, J.*). Galarneau, who was in custody, was represented by the lawyer for the day. The court called Galarneau's case, and stated that the charges pending that day against him included the motion to revoke probation and the "new" Class D OUI and aggravated HO. The lawyer responded that the court was correct. The court then asked the lawyer, "And is [Ga-

larneau] aware of his arraignment rights?" She replied, "Yes, he is." Galarneau confirmed her report by saying, "I am." The lawyer for the day also told the court that Galarneau was aware of the charges against him. When the court asked Galarneau how he was pleading to the "new" charges, he responded "guilty"; he also admitted that this new conduct violated his probation. The court then asked him, "Mr. Galarneau, you understand you do not have to plead guilty to anything, and you don't have to admit anything?" Galarneau responded, "I do." The court asked, "You can have [a trial] and make a bail argument and see if you can get out in the meantime?" Galarneau responded, "Right." The court confirmed that Galarneau did not want a trial on the new charges or a hearing on the probation revocation. Galarneau again stated that he was pleading guilty to the aggravated HO and the OUI charges and was admitting that, by committing the new offenses and possessing alcohol, he violated his probation. The court sentenced Galarneau to jail terms of 354 days on the probation revocation, 354 days, concurrent, on the aggravated HO conviction, and ten days on the OUI conviction.

[¶ 4] Following an incident in December 2009, Galarneau was indicted for HO (Class C), 29–A M.R.S. § 2557–A(1)(A), (2)(B), and HO (Class D), 29–A M.R.S. § 2557–A(1)(A), (2)(A) (2010). The Class C charge had been enhanced based on the OUI conviction from 2008. Galarneau filed a motion to strike the prior convic-

---

1. A court may acquire the services of a lawyer to provide legal advice and representation for multiple criminal defendants individually, one after another, at their initial appearances. *See State v. Ouellette*, 2006 ME 81, ¶ 25, 901 A.2d 800, 808. A lawyer serving in this capacity is known as the "lawyer for the day." *Id.*

2. Title 29–A M.R.S. § 2411(1–A)(A) (2008) has since been amended, but not in any way that affects this appeal. P.L.2009, ch. 447, § 37 (effective Sept. 12, 2009) (codified at 29–A M.R.S. § 2411(1–A)(A) (2010)).

tion, claiming it was imposed illegally because he had been denied counsel. The court (*Anderson, J.*) denied the motion. In June 2010, Galarneau entered a conditional guilty plea on the Class C charge with the State's consent and the court's permission pursuant to M.R.Crim. P. 11(a)(2). The court sentenced him to a jail term of seven months, staying execution of the sentence pending this appeal. The State dismissed the Class D charge.

## II. DISCUSSION

[¶ 5] The "constitutionally-guaranteed right of representation by counsel" is " 'a right of the highest order.' " *State v. Watson,* 2006 ME 80, ¶ 14, 900 A.2d 702, 708 (quoting *United States v. Proctor,* 166 F.3d 396, 402 (1st Cir.1999)). "The right to counsel afforded by article I, section 6 of the Maine Constitution is commensurate with that of the Sixth Amendment of the federal constitution." *Id.*

[¶ 6] Because Galarneau faced imprisonment in the 2008 prosecution, he had a right to counsel in that proceeding. *See State v. Cook,* 1998 ME 40, ¶ 6, 706 A.2d 603, 605 (determining that an indigent misdemeanor defendant has a right to counsel when "imprisonment will actually be imposed"). He was represented at the time of his plea by a lawyer for the day, but is arguing that, despite that representation, he should still have been told he had a "right to retain counsel ... [or] request the assignment of counsel" pursuant to M.R.Crim. P. 5C(b)(2) (2008);[3] *see also* M.R.Crim. P. 5C(d) (2008) (making the

requirements of Rule 5C(b) applicable to all initial proceedings for Class D or Class E crimes).

[¶ 7] Galarneau's appeal presents the issue whether a defendant who is represented solely by a lawyer for the day has been denied the constitutional right to counsel. The unequivocal answer is "no."

[¶ 8] At the time of Galarneau's plea and sentencing hearing M.R.Crim. P. 5C(e) (2008) stated: "When a person is entitled to court-appointed counsel, the Superior Court justice shall appoint counsel to represent the person for initial appearance, unless the person elects to proceed without counsel. Counsel may be appointed for the limited purpose of representing the person at the initial appearance or arraignment." Although the rule contemplates that the duration of services provided by the lawyer for the day is limited to a single event, i.e., the initial appearance or arraignment, it in no way limits the scope of the lawyer's obligation in providing representation to a defendant during that single event. We therefore reject Galarneau's argument that representation by the lawyer for the day, simply because it is limited in duration, fails to satisfy the right to counsel.

[¶ 9] Galarneau's arguments are based on language in *State v. Ouellette,* in which we addressed the effect of the participation of a lawyer for the day when the arraigning court has failed to apprise the defendant of all of the procedural require-

---

3. Maine Rule of Criminal Procedure 5C (2008) applied at the time of Galarneau's plea to the underlying OUI in the Superior Court (Penobscot County). Since then, the Unified Criminal Dockets have been created in Bangor and in Cumberland County. Establishment of the Bangor Unified Criminal Docket, Me. Admin. Order JB–10–1 (effective Jan. 4, 2010); Establishment of the Cumberland County Unified Criminal Docket, Me. Admin. Order JB–08–2 (effective Jan. 1, 2009) (as amended by A. 2–10) (effective Mar. 1, 2010). The UCD rules in both locations, as well as the current Maine Rules of Criminal Procedure, contain identical mandates as to the right to counsel. U.C.D.R.P.-Bangor 5(b)(2), (e); U.C.D.R.P.-Cumberland County 5(b)(2), (e); M.R.Crim. P. 5(b)(2), (d).

ments for obtaining a jury trial.[4] 2006 ME 81, ¶¶ 22, 26–27, 901 A.2d 800, 807, 808–09. In that context, we stated that "the mere fact that a lawyer for the day stands with the defendant when she is arraigned is not enough to satisfy the requirement that the defendant knew about her jury trial right." *Id.* ¶ 27, 901 A.2d at 809. However, we also noted: "If the lawyer for the day had affirmatively stated to the court that he had advised Ouellette and Ouellette understood the information and rights required by M.R.Crim. P. 5, then a finding that Ouellette knew about her jury trial right might be warranted." *Id.; see also United States v. Emerson,* No. CR–09–181–B–W, 2010 WL 2545910, at *5 (D.Me. June 21, 2010) (holding that a defendant who was represented by the lawyer for the day was represented by counsel). In this case, Galarneau was represented by the lawyer for the day and that lawyer specifically affirmed that she had informed Galarneau of his rights.[5]

[¶ 10] Galarneau also contends that he did not waive his right to counsel. He argues that because he was only represented by the lawyer for the day, he did not have counsel, and because the court did not inform him of his right to counsel, he did not waive that right. As we have already noted, however, Galarneau was represented; therefore, there was no reason for the court to inquire whether he wished to waive his right to counsel. Galarneau's prior conviction was constitutionally sound and appropriately could be used to enhance the charge in the subsequent prosecution.

The entry is:

Judgment affirmed.

---

4. The process for obtaining jury trials differs by court. *See* M.R.Crim. P. 23; U.C.D.R.P.-Cumberland County 23; U.C.D.R.P.-Bangor 23.

5. We note with approval that not only did the trial court ask Galarneau's counsel whether she had informed him of his "arraignment rights," but it also took pains to make sure Galarneau understood he was waiving those rights by pleading guilty to the new charges and admitting that he had violated the terms of his probation.