STATE OF MAINE                                   SUPERIOR COURT
KENNEBEC, ss.                                    Docket No.: 10-CR-380
                                                            10-CR-381
                                                            10-CR-382
                                                 JCN - KEN - 7/14/2011

Donna Towle, a/k/a,
Donna Harris,

           Petitioner
                                          **DECISION AND ORDER**

           v.


State of Maine,

           Respondent


       In these post-conviction actions, Petitioner asks the Court to vacate or strike

certain convictions upon which the State relies to enhance two pending charges against

her. In particular, Petitioner contends that the convictions used to enhance a current

operating under the influence charge to an Aggravating Criminal OUI (Class B), and to

enhance a pending operating after revocation charge to a Class C offense are

unconstitutional.

Factual Background

       On May 2, 2001, Petitioner pled guilty to an information by which the State

charged Criminal OUI (Class C) and Operating after Revocation (Class C). The State

charged the OUI as a Class C due to three prior OUI offenses (AUGDC-CR-00-1029,

AUGDC-CR-00-1344, and WATDC-CR-92-2840).

       In February 2010, the State charged Petitioner by way of an indictment with a

Class B OUI, based in part on the Class C OUI conviction in May 2001 (WATDC-CR-

01-773). Through the same indictment, the State charged Petitioner with a Class C Operating after Revocation, which was enhanced to a Class C due to three prior OUI convictions (AUGDC-CR-00-1029, AUGDC-CR-00-1344, and WATDC-CR-92-2840).

Petitioner maintains that she did not have the benefit of legal counsel at the time of her pleas to the OUI charges in the Augusta and Waterville District Courts. In addition, Petitioner asserts that her counsel at the May 2001 plea was ineffective because her counsel did not investigate whether Petitioner had legal counsel when she pled to the prior OUI charges. Petitioner also contends that because she did not have counsel when she pled to the OUI charges in the Augusta and Waterville District Courts, the OUI convictions cannot be used to enhance the pending operating after revocation charge to a Class C.

Discussion

A. Class C OUI Conviction (WATDC-CR-01-773)

Petitioner challenges the validity of the Class C OUI conviction by which conviction the allegation in Count I of the pending Indictment (AUGSC-CR-09-1015) has been enhanced to a Class B OUI. In particular, Petitioner argues that she received ineffective assistance of counsel at the time she entered her plea on May 2, 2001, and, therefore, the Class C conviction cannot serve as the basis for the enhanced charge.[1]

Whether Petitioner received ineffective assistance of counsel requires a two-part inquiry by the Court. First, the Court must assess "whether there has been serious incompetency, inefficiency, or inattention of counsel amounting to performance ... below

---

[1] Petitioner also argues that the services of a lawyer for the day are insufficient to satisfy a person's constitutional right to counsel. The Law Court recently rejected this argument. *See State v. Philip G. Galarneau*, 2011 ME 60, ¶¶ 8-9, -- A.3d --. The mere fact that a lawyer for the day represented Petitioner at the time of her plea to the Class C OUI does not constitute a denial of Petitioner's constitutional right to counsel. *Id.*

what might be expected from an ordinary fallible attorney ....." *Francis v. State*, 2007 ME 148, ¶ 4, 938 A.2d 10, 11 (quoting, *McGowan v. State*, 2006 ME 16, ¶ 11, 894 A.2d 493, 496-97). The Court then is required to determine "whether the attorney's performance 'likely deprived the defendant of an otherwise available substantial ground or defense' or 'likely affected the outcome of the [proceeding].'" *Francis*, 2007 ME 148, ¶ 4, 938 A.2d at 11 (quoting, *McGowan*, 2006 ME 16, ¶¶ 11-13, 894 A.2d at 497). Petitioner has the burden of proving both prongs. *McGowan*, 2006 ME 16, ¶ 12, 894 A.2d at 497 (citing, *State v. Brewer*, 1997 ME 177, ¶ 15, 699 A.2d 1139, 1143).

At the hearing, Petitioner conceded that she has little independent memory of the May 2, 2001, proceeding at which she pled guilty to the Class C OUI. She does recall, however, meeting with the lawyer for the day, and that the lawyer informed her that the plea offer, which included a period of incarceration of 10 months, was a good deal. She said that she agreed with that assessment.

The lawyer for the day, Thomas Tilton, also has very little, if any, memory of the 2001 meeting with Petitioner and the subsequent court appearance. He testified as to his normal practice when he serves as lawyer for the day. More specifically, Attorney Tilton testified that as the lawyer for the day, he typically advises each defendant charged with a felony offense not to plea to the charge at the initial appearance. Because he lacks a memory of his conversation with Petitioner, Attorney Tilton could not refute Petitioner's testimony that Attorney Tilton said that the proposed plea offer was a good deal.

Attorney Tilton also testified that in the event a defendant wishes to plea at the initial appearance on a felony, he reviews with the defendant the Rule 11 process, the waiver of indictment that would be required, and the rights that the defendant would be

required to waive. In this case, Petitioner signed a waiver of indictment, and signed a written Acknowledgement of Rights, which sets forth Petitioner's basic constitutional and procedural rights relevant to a plea. Neither party presented any evidence to establish whether Attorney Tilton and Petitioner discussed the circumstances of the prior OUI convictions by which the offense to which she pled was enhanced to a Class C OUI.[2]

After consideration of all of the evidence, the Court concludes that Petitioner has failed to establish that Attorney Tilton's representation fell "below what might be expected from an ordinary fallible attorney ...." *Francis*, 2007 ME 148, ¶ 4, 938 A.2d at 11 (quoting, *McGowan*, 2006 ME 16, ¶ 11, 894 A.2d at 496-97). Petitioner's sole evidence regarding the services provided by Attorney Tilton is her testimony as to Attorney Tilton's view of the plea offer. Not insignificantly, because she has very little memory of her discussions with Attorney Tilton or the May 2001 court proceeding, Petitioner was unable to identify the specific ways in which Attorney Tilton's representation was substandard. Although Petitioner maintains that Attorney Tilton did not investigate the circumstances of the prior OUI convictions, in part because of her lack of memory, and in part because of the absence of a transcript or recording of the court proceeding, she is unable to present the Court with any reliable evidence to support her contention that they did not discuss the issue. Furthermore, there is no evidence upon which the Court could conclude that Petitioner would have decided not to plea if Attorney Tilton had discussed the issue with her. In fact, given Petitioner's favorable

---

[2] Upon questioning by Petitioner's attorney, Attorney Tilton testified that had he been retained or appointed to represent Petitioner beyond the initial appearance, he would have investigated the circumstances of the prior OUI convictions. This testimony does not, however, establish that he did not discuss the subject with Petitioner before her initial appearance.

view of the plea offer, Petitioner might have chosen to plea to the charge regardless of the information and advice provided by Attorney Tilton.

In essence, for the Court to grant Petitioner's request for relief based on this record, the Court would have to conclude that post-conviction relief is available whenever a defendant pleads to a charge that is elevated to a felony based on prior offenses unless the State can demonstrate that prior to the plea, counsel for the defendant ascertained whether the defendant had the benefit of counsel at the time of the prior convictions. Without commenting upon the obvious burden of proof issue, the Court does not believe that the law imposes such a rigid standard. Experience teaches that defendants plead guilty for a variety of reasons, and at times disregard the advice of legal counsel. A lawyer can provide sound and appropriate advice that a defendant does not follow. The case arguably illustrates the point. If consistent with his normal practice, Attorney Tilton advised Petitioner not to plead to the felony, Petitioner's plea would have been entered despite Attorney Tilton's advice to the contrary. Under such circumstances, post-conviction relief is not and should not be available.

In short, because Petitioner has failed to establish ineffective assistance of counsel at the time of her May 2, 2001, plea to the Class C OUI, she is subject to prosecution for the pending charge of Class B OUI.[3]

---

[3] To the extent that Petitioner seeks to challenge the validity of her pleas to the OUI offenses that served as the basis for the elevation to a Class C in May 2001, her plea to the Class C forecloses a challenge at this time. In the Court's view, the Class D convictions do not present an impediment, as contemplated by 15 M.R.S. § 2124(3), to the pending Class B charge. As explained below, however, because the convictions present an impediment to the pending Class C OAR, Petitioner can challenge the use of the convictions to elevate the OAR to a Class C offense.

*B. Class D OUI Convictions (AUGDC-CR-00-1029, AUGDC-CR-00-1344)*

Because two of the Class D OUI convictions serve as the basis for the Class C OAR, Petitioner can challenge the validity of those OUI convictions. Here, Petitioner contends that the convictions are invalid because she entered pleas to the charges without the benefit of counsel.

Generally, constitutional, but uncounseled pleas can enhance the level of a subsequent crime. *State v. Cook*, 1998 ME 40, ¶¶ 11-12, 706 A.2d 603, 606-607; *State v. Maloney*, 2001 ME 140, ¶¶ 10-11, 785 A.2d 699, 702; *see also Nichols v. United States*, 511 U.S. 738, 748-49 (1994). A plea is unconstitutional if the defendant had the right to counsel, but was denied that right. *Cook*, 1998 ME 40, ¶ 6, 706 A.2d at 605.

In this case, because the Class D convictions were subject to, and actually resulted in incarceration, Petitioner had the right to counsel at both of those proceedings. *Cook*, 1998 ME 40, ¶ 6, 706 A.2d at 605; *see also Scott v. Illinois*, 440 U.S. 367 (1979); *State v. Burd*, 2008 Me. Super. LEXIS 44, *3-4 (Me. Super. Feb. 6, 2008). Based on the record before the Court, the Court is convinced that Petitioner did not have the benefit of counsel at the time she pled to the two Class D OUI offenses in the Augusta District Court.

Given that Petitioner was not represented by an attorney at the time of either plea, for the State to use prior convictions as a basis to elevate the OAR charge to a Class C offense, the State must prove that Petitioner's "waiver [of counsel] [was] voluntary, knowing, and intelligent." *State v. Watson*, 2006 ME 80, ¶ 15, 900 A.2d 702, 708. Simply stated, the record is devoid of any evidence to suggest that the Petitioner waived her right to counsel prior to her plea on either of the Class D OUI charges in the Augusta

District Court. Because of the unavailability of a transcript of the proceedings, the Court has no record of the colloquy between Petitioner and the court before which Petitioner entered the pleas. In addition, neither party presented a witness with a reliable memory of the proceedings. The Court cannot, therefore, conclude that Petitioner waived her right to counsel.

Conclusion

Based on the foregoing analysis, the Court denies Petitioner's request for post-conviction relief as to the Class C OUI that serves as the basis for the elevation of the pending OUI charge to a Class B offense. The Court grants Petitioner's request for post-conviction relief as to the two Class D OUI offenses that serve as the basis for the elevation of the pending OAR charge to a Class C offense. The Court specifically determines and orders that the Petitioner's convictions for OUI in AUGDC-CR-00-1029 and AUGDC-CR-00-1344 shall not be used to enhance the OAR offense alleged in Count 2 of the Indictment to a Class C offense.

The Clerk shall incorporate this Decision and Order into the docket by reference.

Dated: 7/14/11

Justice, Maine Superior Court

DONNA L HARRIS
  vs
STATE OF MAINE

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2010-00380

DOCKET RECORD

PL. DOB: 12/08/1964
PL. ATTY: MATTHEW NICHOLS                              State's Attorney: EVERT FOWLE
         NICHOLS WEBB & LORANGER PA
         477 CONGRESS ST., SUITE 800
         PORTLAND ME 04101
         RETAINED 05/11/2010

Filing Document: PETITION                     Major Case Type: POST CONVICTION REVIEW
Filing Date: 05/11/2010

## Charge(s)

## Docket Events:

05/28/2010 FILING DOCUMENT -  PETITION FILED ON 05/11/2010

05/28/2010 Party(s):  DONNA L HARRIS
           ATTORNEY -  RETAINED ENTERED ON 05/11/2010

           Attorney:  MATTHEW NICHOLS
07/15/2010 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 06/03/2010

07/26/2010 FINDING -  SUMMARILY DISMISSED ENTERED BY COURT ON 07/12/2010
           WILLIAM R ANDERSON , JUSTICE
08/06/2010 MOTION -  MOTION TO RECONSIDER FINDING FILED BY PETITIONER ON 08/05/2010

09/28/2010 MOTION -  MOTION TO RECONSIDER FINDING GRANTED ON 09/21/2010
           WILLIAM R ANDERSON , JUSTICE
           COPIES TO PARTIES/COUNSEL
09/29/2010 ORDER -  COURT ORDER FILED ON 09/21/2010
           WILLIAM R ANDERSON , JUSTICE
           ORDER VACATING SUMMARY DISMISSAL: THE FACT THAT CAUSES THE PETITIONS TO HAVE POTENTIAL
           VITALITY, THE EXISTENCE OF A PENDING PROSECUTION IN WHICH THE STATE SEEKS A SENTENCING AND
           CLASSIFICATION ENHANCEMENT BASED ON THESE THREEE CONVICTIONS, WAS NO IMMEDIATELY EVIDENT
           TO THIS COURT WHEN REVIEWING THE PETITIONS.  THE COURT NOW SEES THAT A BOX CHECKED IN
           RESPONDING TO QUESTION 26 SEEMS TO MAKE THE CLAIM, OTHERWISE UNEXPLAINED.  NOW THAT THE
           COURT IS AWARE OF THE ALLEGED EXISTENCE OF AN INDIRECT....
10/06/2010 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 10/06/2010

10/15/2010 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 10/15/2010
           JOHN  NIVISON , JUSTICE
12/14/2010 OTHER FILING -  EXHIBIT LIST FILED ON 12/14/2010

01/12/2011 POST CONVIC. REVIEW -  NOT AMENDING PCR PETITION FILED ON 01/11/2011

01/12/2011 OTHER FILING -  EXHIBIT LIST FILED ON 01/11/2011

           EXHIBIT: LETTER FROM THE OFFICE OF TRANSCRIPT PRODUCTION
03/07/2011 MOTION -  MOTION FOR EXTENSION OF TIME FILED BY STATE ON 03/07/2011

03/07/2011 POST CONVIC. REVIEW - RESPONSE TO PETITION FILED ON 03/07/2011


03/07/2011 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 03/07/2011
        JOHN NIVISON , JUSTICE
        COPY TO PARTIES/COUNSEL
03/07/2011 POST CONVIC. REVIEW - PCR CONFERENCE HELD ON 03/07/2011
        JOHN NIVISON , JUSTICE
        Attorney: MATTHEW NICHOLS
        DA: PAUL RUCHA
03/07/2011 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 04/22/2011 at 08:30 a.m.


        NOTICE TO PARTIES/COUNSEL
03/07/2011 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 03/07/2011


03/07/2011 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 03/07/2011


03/07/2011 MOTION - MOTION TO DISMISS FILED BY STATE ON 03/07/2011


        RESPONDENT'S MOTION TO DISMISS PORTIONS OF THE PETITIONS FOR PCR
03/08/2011 HEARING - MOTION TO DISMISS SCHEDULED FOR 04/22/2011 at 08:30 a.m.


        NOTICE TO PARTIES/COUNSEL
03/08/2011 HEARING - MOTION TO DISMISS NOTICE SENT ON 03/08/2011


04/27/2011 HEARING - EVIDENTIARY HEARING HELD ON 04/22/2011
        JOHN NIVISON , JUSTICE
        Reporter: TAMMY DROUIN
        MATTER TAKEN UNDER ADVISEMENT
04/27/2011 HEARING - MOTION TO DISMISS HELD ON 04/22/2011
        JOHN NIVISON , JUSTICE
        Reporter: TAMMY DROUIN
04/27/2011 MOTION - MOTION TO DISMISS UNDER ADVISEMENT ON 04/22/2011


04/27/2011 OTHER FILING - OTHER DOCUMENT FILED ON 04/27/2011


        DA: PAUL RUCHA
        LIST OF CASES/SITES THAT APPLY TO POST CONVICTION FILED.
07/25/2011 ORDER - COURT ORDER FILED ON 07/14/2011
        JOHN NIVISON , JUSTICE
07/25/2011 ORDER - COURT ORDER ENTERED ON 07/14/2011
        JOHN NIVISON , JUSTICE
07/25/2011 FINDING - GRANTED ENTERED BY COURT ON 07/14/2011
        JOHN NIVISON , JUSTICE
        THE COURT GRANTS PETITIONER'S REQUEST FOR POST CONVICTION RELIEF AS TO THE TWO CLASS D OUI
        OFFENSES THAT SERVE AS THE BASIS FOR THE ELEVATION OF THE PENDING OAR CHARGE TO A CLASS C
        OFFENSE.  THE COURT SPECIFICALLY DETERMINES AND ORDERS THAT THE PETITIONER'S CONVICTIONS
        FOR OUI IN AUGDC-CR-00-1029 AND AUGDC-CR-00-1344 SHALL NOT BE USED TO ENHANCE THE OAR
        OFFENSE ALLEGED IN COUNT 2 OF THE INDICTMENT TO A CLASS C OFFENSE.
07/25/2011 FINDING - DENIED ENTERED BY COURT ON 07/14/2011
        JOHN NIVISON , JUSTICE
        THE COURT DENIES PETITIONER'S REQUEST FOR POST CONVICTION RELIEF AS TO THE CLASS C OUI
        THAT SERVES AS THE BASIS FOR THE ELEVATION OF THE PENDING OUI CHARGE TO A CLASS B OFFENSE.

A TRUE COPY
ATTEST: _____
                    Clerk

DONNA HARRIS
 vs
STATE OF MAINE

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2010-00381

## DOCKET RECORD

PL. DOB: 12/08/1964
PL. ATTY: MATTHEW NICHOLS
       NICHOLS WEBB & LORANGER PA
       477 CONGRESS ST., SUITE 800
       PORTLAND ME 04101
       RETAINED 05/11/2010

State's Attorney: EVERT FOWLE

Filing Document: PETITION
Filing Date: 05/11/2010

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

05/28/2010 FILING DOCUMENT -  PETITION FILED ON 05/11/2010

05/28/2010 Party(s):  DONNA HARRIS
       ATTORNEY -  RETAINED ENTERED ON 05/11/2010

       Attorney:  MATTHEW NICHOLS
07/15/2010 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 06/03/2010

07/26/2010 FINDING -  SUMMARILY DISMISSED ENTERED BY COURT ON 07/12/2010
       WILLIAM R ANDERSON , JUSTICE
08/06/2010 MOTION -  MOTION TO RECONSIDER FINDING FILED BY PETITIONER ON 08/05/2010

09/29/2010 MOTION -  MOTION TO RECONSIDER FINDING GRANTED ON 09/21/2010
       WILLIAM R ANDERSON , JUSTICE
       COPIES TO PARTIES/COUNSEL
09/29/2010 ORDER -  COURT ORDER FILED ON 09/21/2010
       WILLIAM R ANDERSON , JUSTICE
09/29/2010 ORDER -  COURT ORDER ENTERED ON 09/21/2010

10/06/2010 APPEAL -  NOTICE OF APPEAL FILED ON 08/05/2010

10/06/2010 APPEAL -  MANDATE/ORDER DISMISSED ON 10/04/2010

10/06/2010 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 10/06/2010

10/15/2010 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 10/15/2010
       JOHN  NIVISON , JUSTICE
12/14/2010 OTHER FILING -  EXHIBIT LIST FILED ON 12/14/2010

01/12/2011 POST CONVIC. REVIEW -  NOT AMENDING PCR PETITION FILED ON 01/11/2011

01/12/2011 OTHER FILING -  EXHIBIT LIST FILED ON 01/11/2011

       EXHIBIT: LETTER FROM OFFICE OF TRANSCRIPT PRODUCTION
03/07/2011 MOTION -  MOTION FOR ENLARGEMENT OF TIME FILED BY STATE ON 03/07/2011

03/07/2011 POST CONVIC. REVIEW - RESPONSE TO PETITION FILED ON 03/07/2011

03/07/2011 MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 03/07/2011
JOHN NIVISON , JUSTICE
COPY TO PARTIES/COUNSEL

03/07/2011 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 04/22/2011 at 08:30 a.m.

NOTICE TO PARTIES/COUNSEL

03/07/2011 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 03/07/2011

04/27/2011 HEARING - EVIDENTIARY HEARING HELD ON 04/22/2011
JOHN NIVISON , JUSTICE
Attorney: MATTHEW NICHOLS
DA: PAUL RUCHA          Reporter: TAMMY DROUIN
MATTER TAKEN UNDER ADVISEMENT.

04/27/2011 OTHER FILING - OTHER DOCUMENT FILED ON 04/27/2011

DA: PAUL RUCHA
LIST OF CASES/SITES THAT APPLY TO POST CONVICTION FILED.

07/25/2011 ORDER - COURT ORDER FILED ON 07/14/2011
JOHN NIVISON , JUSTICE
DECISION AND ORDER: THE COURT DENIES PETITIONER'S REQUEST FOR POST CONV. RELIEF AS TO THE
CLASS C OUI THAT SERVES AS THE BASIS FOR THE ELEVATION OF THE PENDING OUI CHARGE TO A
CLASS B OFFENSE. THE COURT GRANTS PETITIONER'S REQUEST FOR POST CONV. RELIEF AS TO THE
TWO CLASS D OUI OFFENSES THAT SERVE AS THE BASIS FOR THE ELEVATION OF THE PENDING OAR
CHARGE TO A CLASS C OFFENSE.

07/25/2011 ORDER - COURT ORDER ENTERED ON 07/14/2011

07/25/2011 FINDING - GRANTED ENTERED BY COURT ON 07/14/2011
JOHN NIVISON , JUSTICE
THE COURT GRANTS PETITIONER'S REQUEST FOR POST CONVICTION RELIEF AS TO THE TWO CLASS D OUI
OFFENSES THAT SERVE AS THE BASIS FOR THE ELEVATION OF THE PENDING OAR CHARGE TO A CLASS C
OFFENSE. THE COURT SPECIFICALLY DETERMINES AND ORDERS THAT THE PETITIONER'S CONVICTIONS
FOR OUI IN AUGDC-CR-00-1029 AND AUGDCCR-2000-1344 SHALL NOT BE USED TO ENHANCE THE OAR
OFFENSE ALLEGED IN COUNT 2 OF THE INDICTMENT TO A CLASS C OFFENSE.

07/25/2011 FINDING - DENIED ENTERED BY COURT ON 07/14/2011
JOHN NIVISON , JUSTICE
THE COURT DENIES PETITIONER'S REQUEST FOR POST CONVICTION RELIEF AS TO THE CLASS C OUI
THAT SERVES AS THE BASIS FOR THE ELEVATION OF THE PENDING OUI CHARGE TO A CLASS B OFFENSE.

A TRUE COPY
ATTEST: _____
                    Clerk

DONNA HARRIS                                SUPERIOR COURT
  vs                                        KENNEBEC, ss.
STATE OF MAINE                              Docket No  AUGSC-CR-2010-00382

                       **DOCKET RECORD**

PL. DOB: 12/08/1964
PL. ATTY: MATTHEW NICHOLS                State's Attorney: EVERT FOWLE
          NICHOLS WEBB & LORANGER PA
          477 CONGRESS ST., SUITE 800
          PORTLAND ME 04101
          RETAINED 05/28/2010

Filing Document: PETITION              Major Case Type: POST CONVICTION REVIEW
Filing Date: 05/11/2010

## Charge(s)

## Docket Events:

05/28/2010 FILING DOCUMENT -  PETITION FILED ON 05/11/2010

05/28/2010 Party(s):  DONNA HARRIS
           ATTORNEY -  RETAINED ENTERED ON 05/28/2010

           Attorney:  MATTHEW NICHOLS
07/15/2010 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 06/03/2010

07/26/2010 FINDING -  SUMMARILY DISMISSED ENTERED BY COURT ON 07/12/2010
           WILLIAM R ANDERSON , JUSTICE
08/06/2010 MOTION -  MOTION TO RECONSIDER FINDING FILED BY PETITIONER ON 08/05/2010

09/29/2010 MOTION -  MOTION TO RECONSIDER FINDING GRANTED ON 09/21/2010
           WILLIAM R ANDERSON , JUSTICE
           COPIES TO PARTIES/COUNSEL
09/29/2010 ORDER -  COURT ORDER FILED ON 09/21/2010
           WILLIAM R ANDERSON , JUSTICE
           ORDER VACATING SUMMARY DISMISSAL
09/29/2010 ORDER -  COURT ORDER ENTERED ON 09/21/2010

10/06/2010 APPEAL -  NOTICE OF APPEAL FILED ON 08/05/2010

10/06/2010 APPEAL -  MANDATE/ORDER DISMISSED ON 10/04/2010

10/06/2010 APPEAL -  NOTICE OF APPEAL FILED ON 08/05/2010

10/06/2010 APPEAL -  MANDATE/ORDER DISMISSED ON 10/04/2010

10/06/2010 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 10/06/2010

10/15/2010 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 10/15/2010
           JOHN  NIVISON , JUSTICE
12/14/2010 OTHER FILING -  EXHIBIT LIST FILED ON 12/14/2010

01/12/2011 POST CONVIC. REVIEW -  NOT AMENDING PCR PETITION FILED ON 01/11/2011

01/12/2011 OTHER FILING -  EXHIBIT LIST FILED ON 01/11/2011

          EXHIBIT: LETTER FROM OFFICE OF TRANSCRIPT PRODUCTION
03/07/2011 MOTION -  MOTION FOR ENLARGEMENT OF TIME FILED BY STATE ON 03/07/2011

03/07/2011 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 03/07/2011

03/07/2011 MOTION -  MOTION FOR ENLARGEMENT OF TIME GRANTED ON 03/07/2011
          JOHN  NIVISON , JUSTICE
          COPY TO PARTIES/COUNSEL
03/07/2011 MOTION -  MOTION TO DISMISS FILED BY STATE ON 03/07/2011

          RESPONDENT'S MOTION TO DISMISS PORTIONS OF THE PETITIONS FOR PCR
03/07/2011 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 04/22/2011 at 08:30 a.m.

          NOTICE TO PARTIES/COUNSEL
03/07/2011 HEARING -  EVIDENTIARY HEARING NOTICE SENT ON 03/07/2011

03/08/2011 HEARING -  MOTION TO DISMISS SCHEDULED FOR 03/08/2011 at 08:30 a.m.

          NOTICE  TO PARTIES/COUNSEL
03/08/2011 HEARING -  MOTION TO DISMISS NOTICE SENT ON 03/08/2011

04/27/2011 MOTION -  MOTION TO DISMISS UNDER ADVISEMENT ON 04/22/2011
          JOHN  NIVISON , JUSTICE
04/27/2011 HEARING -  EVIDENTIARY HEARING HELD ON 04/22/2011
          JOHN  NIVISON , JUSTICE
          Attorney:  MATTHEW NICHOLS
          DA:  PAUL RUCHA          Reporter: TAMMY DROUIN
          MATTER TAKEN UNDER ADVISEMENT.
04/27/2011 HEARING -  MOTION TO DISMISS HELD ON 04/22/2011
          JOHN  NIVISON , JUSTICE
          Attorney:  MATTHEW NICHOLS
          DA:  PAUL RUCHA          Reporter: TAMMY DROUIN
04/27/2011 OTHER FILING -  OTHER DOCUMENT FILED ON 04/27/2011

          DA:  PAUL RUCHA
          LIST OF CASES/SITES THAT APPLY TO POST CONVICTION
07/25/2011 ORDER -  COURT ORDER FILED ON 07/14/2011
          JOHN  NIVISON , JUSTICE
07/25/2011 ORDER -  COURT ORDER ENTERED ON 07/14/2011

07/25/2011 FINDING -  GRANTED ENTERED BY COURT ON 07/14/2011
          JOHN  NIVISON , JUSTICE
          THE COURT GRANTS PETITIONER'S REQUEST FOR POST CONVICTION RELIEF AS TO THE TWO CLASS D OUI
          OFFENSES THAT SERVE AS THE BASIS FOR THE ELEVATION OF THE PENDING OAR CHARGE TO A CLASS C
          OFFENSE.  THE COURT SPECIFICALLY DETERMINES AND ORDERS THAT THE PETIONER'S CONVICTIONS FOR
          OUI IN AUGDC-CR-00-1029 AND AUGDC-CR-00-1344 SHALL NOT BE USED TO ENHANCE THE OAR OFFENSE
          ALLEGED IN COUNT 2 OF THE INDICTMENT TO A CLASS C OFFENSE
07/25/2011 FINDING -  DENIED ENTERED BY COURT ON 07/14/2011
          JOHN  NIVISON , JUSTICE
          THE COURT DENIES PETITIONER'S REQUEST FOR POST CONV. RELIEF AS TO THE CLASS C OUI THAT
          SERVES AS THE BASIS FOR THE ELEVATION OF THE PENDING OUI CHARGE TO A CLASS B OFFENSE.

A TRUE COPY
ATTEST: _____
                    Clerk