MAINE SUPREME JUDICIAL COURT                               Reporter of Decisions
Decision:      2019 ME 148
Docket:        Was-19-53
Submitted
  On Briefs:  September 10, 2019
Decided:       September 26, 2019

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

## STATE OF MAINE

v.

## MARK J. LIPSKI

SAUFLEY, C.J.

[¶1]  Mark J. Lipski appeals from a judgment of conviction for operating a vehicle when the registration of that vehicle was suspended or revoked (Class E), 29-A M.R.S. § 2417 (2018), entered by the trial court (Washington County, *Mallonee, J.*) after a jury trial.[1]  Lipski challenges the conviction, arguing that the court violated his constitutional right to the assistance of appointed counsel in his defense because, although he was not at risk of being sentenced to imprisonment upon conviction, he may be imprisoned as a result of his

---

[1]  Although Lipski does not argue otherwise, the admitted evidence was sufficient for the jury to find beyond a reasonable doubt each element of operating a vehicle when the registration of that vehicle is suspended, 29-A M.R.S. § 2417 (2018).  *See State v. Woodard*, 2013 ME 36, ¶ 19, 68 A.3d 1250.

2

present intention to defy any court order resulting from the conviction. We affirm the judgment of conviction.

## I. BACKGROUND

[¶2] On March 13, 2018, following Lipski's failure to pay a toll,[2] a notice of registration suspension was mailed to Lipski, notifying him that his registration would be suspended on March 28, 2018. On the effective day of the suspension, a Maine State Police trooper stopped Lipski when he was driving and issued him a uniform summons and complaint for operating a vehicle after registration suspension. Lipski was charged by separate criminal complaint for operating a vehicle when the registration of that vehicle was suspended, (Class E), 29-A M.R.S. § 2417. On May 8, 2018, Lipski was scheduled to appear in the District Court for his arraignment on the charge. Lipski failed to appear, and a warrant was issued for Lipski's arrest that same day. An officer arrested Lipski and Lipski's cash bail was set at $150. Subsequently, the bail was paid and Lipski was released.

[¶3] On June 5, 2018, Lipski, unrepresented by counsel, finally appeared before the trial court (*D. Mitchell, J.*) for arraignment. Lipski pleaded not guilty.

---

[2] In his brief, Lipski contends that, "this entire case stemmed from my initially being unable to pay a less than $6 toll on I-95."

Although the complaint against Lipski stated, "No Jail Requested,"[3] Lipski requested state-paid counsel. The court determined that if convicted, Lipski would be sentenced to pay a fine and not to serve a term of imprisonment, and informed Lipski that he was not entitled to the assistance of state-appointed counsel in his defense. Lipski argued that because he was unwilling and unable to pay any fine, he would serve time in jail as an inevitable consequence of the conviction, and therefore he had the right to appointed counsel. The court denied this request.[4]

[¶4] Lipski requested a jury trial and, after jury selection, was tried before a jury without counsel. The jury returned a verdict of guilty, and the court (*Mallonee, J.*) entered a judgment after imposing a fine of $300 supplemented by surcharges. Lipski timely appealed. *See* 15 M.R.S. § 2115 (2018); M.R. App. P. 2B(b)(1).

---

[3] Pursuant to statute, a person convicted of operating a vehicle with a suspended registration may be sentenced to serve a term of imprisonment not to exceed six months, *see* 17-A M.R.S. § 1252(2)(E) (2018), and to pay a fine of up to $1,000, *see* 17-A M.R.S. § 1301(1-A)(E) (2018).

[4] Although the record does not reflect that the court made a finding that Lipski established indigency, or that he "is without sufficient means to employ counsel," which is a prerequisite for a court to appoint counsel to represent a defendant in criminal proceedings, M.R.U. Crim. P. 44(a)(1), we assume for the purposes of our review that he established his indigency.

## II. DISCUSSION

[¶5] The briefs before us do not represent models of clarity. Lipski filed an uncounseled brief from which we discern two issues presented on appeal. Lipski argues that (A) he has a right to court-appointed counsel because of his inability or unwillingness to pay a fine and (B) jury selection proceedings were deficient. The State's one-page brief has not aided us in identifying and analyzing the law pertaining to these issues. We address each in turn.

A. The Right to Court-Appointed Counsel

[¶6] First, Lipski contends that he has a right to state-paid counsel because his inability, or unwillingness, to pay any fine will inevitably result in jail time. We review alleged constitutional violations de novo. *See Haraden v. State*, 2011 ME 113, ¶ 6, 32 A.3d 448.

[¶7] Both the Constitution of the United States, *see* U.S. Const. amend. VI, and that of the State of Maine, *see* Me. Const. art. I, § 6, guarantee that an indigent criminal defendant has the right to the assistance of appointed counsel in his defense when imprisonment will actually be imposed. *See Scott v. Illinois*, 440 U.S. 367, 370 (1979); *State v. Cook*, 1998 ME 40, ¶ 6, 706 A.2d 603. This right to counsel does not, however, guarantee state-paid counsel in all prosecutions. *Cook*, 1998 ME 40, ¶ 6, 706 A.2d 603 ("To conclude otherwise

would create further confusion, hinder the administration of justice, and impose substantial costs on our judicial system.").  When a defendant's liberty is not at stake, the defendant has a right to obtain legal representation privately, 4 M.R.S. § 860 (2018), but there is no constitutional requirement that counsel be provided by the State.[5]  Moreover, counsel need not be provided for an indigent defendant solely because later imprisonment is possible if the defendant engages in new conduct that violates a criminal statute or court order.  *See generally Nichols v. United States*, 511 U.S. 738, 748 (1994); *Cook*, 1998 ME 40, ¶¶ 6-11, 706 A.2d 603.[6]

[¶8]  Because Lipski was not at risk of being sentenced to imprisonment upon his conviction, there was no constitutional violation in the case at bar.[7]  Moreover, Lipski's argument that he will inevitably be imprisoned as a result of

---

[5]  We do not minimize the challenges of navigating the criminal justice system without the assistance of counsel.  Those challenges are mitigated, however, by clear explanations from the court and, to some extent, by programs such as the "lawyer of the day" program administered by the Maine Commission on Indigent Legal Services.  Information regarding the program is available on the Maine Commission on Indigent Legal Services website at https://www.maine.gov/mcils/ (last visited Sept. 17, 2019).

[6]  It is also inconsequential that the defendant is charged with a crime for which imprisonment upon conviction is authorized by statute because the right to court-appointed counsel is not implicated if imprisonment will not be or is not actually imposed.  *Scott v. Illinois*, 440 U.S. 367, 369 (1979); *State v. Cook*, 1998 ME 40, ¶¶ 6, 12, 706 A.2d 603; *State v. Winslow*, 2007 ME 124, ¶ 28, 930 A.2d 1080; *State v. Watson*, 2006 ME 80, ¶ 14, 900 A.2d 702.

[7]  Nor did the court abuse its discretion pursuant to Maine Rule of Unified Criminal Procedure 44(a)(1) in denying Lipski the assistance of appointed counsel upon a finding that Lipski would not actually be sentenced to a term of imprisonment if convicted.

6

his conviction is inaccurate. "An offender who has been sentenced to pay a fine and has defaulted in payment of that fine," as Lipski claims he will do,[8] "must be returned to court for further disposition." 17-A M.R.S. § 1304(1) (2018). Even when imposing a sanction for the failure to pay a fine, however, the court may either "[c]ommit the offender to . . . confinement in county jail" for a period not to "exceed 6 months" *or* "order the offender to perform community service work . . . until all or a specified part of the fine is paid." 17-A M.R.S. § 1304(3)(A) (2018).

[¶9] Most important, a court may not order incarceration for an unpaid fine if an offender shows "by a preponderance of the evidence that the default was not attributable to an intentional or knowing refusal to obey the court's order." *Id.* Inability to pay the fine does not, therefore, result in incarceration. Thus, Lipski's claim that he will be incarcerated for his inability to pay is inaccurate, and his stated intention to refuse in the future to pay the fine even if he is able does not entitle him to state-paid counsel at this stage of the proceedings. Moreover, any consideration of that claim is premature. *State v. Dow*, 392 A.2d 532, 538 (Me. 1978) (finding a similar claim "premature as there

---

[8] At the docket call, the day before jury selection, Lipski stated, "I do not plan to pay the fine."

has been no finding of an actual inability to pay, nor is there any indication of what action will be taken by the [trial] [c]ourt in the event that the fines are not paid."). The law is clear; the State was not required to provide counsel to Lipski because he was not at risk of incarceration as part of the sentence.

B.     Jury Proceedings

[¶10]   Lipski also raises an issue regarding jury proceedings. *See* Me. Const. art. I, § 6; *State v. Libby*, 485 A.2d 627, 629 (Me. 1984). Lipski contends that he "was not allowed to be present for many parts of the Jury Instructions." *See* M.R.U. Crim. P. 30(b). Surprisingly, the State's laconic brief failed entirely to address this second issue.[9] Nothing in the record indicates, however, that Lipski was absent during jury voir dire, the jury trial, or jury instructions. Finding no basis for a claim of legal error or abuse of discretion, we do not address this issue further.

The entry is:

Judgment affirmed.

---

[9] The State's brief is concerning in its brevity. We trust that in the future, allegations of serious constitutional violations will receive adequate responses.

8

Mark J. Lipski, appellant pro se

Toff Toffolon, Dep. Dist. Atty., Ellsworth, for appellee State of Maine

Washington County Unified Criminal Docket docket number CR-2018-163
FOR CLERK REFERENCE ONLY